# Exhibit  A

## SEPARATION AGREEMENT AND GENERAL RELEASE

This Separation Agreement and General Release ("Agreement") is made and entered into by and between Solomon Shemia (the "Member") and E. Works LLC., a New York Limited Laibility Corporation (the "Company").

1. **Separation and Effective Dates**: The Member's employment with the Company and, to the extent applicable, with its direct and indirect subsidiaries, affiliates, companies, divisions, units, schools, and affiliated schools (the "Company Affiliates"), terminates effective February 12, 2018 (the "Separation Date"). Member agrees that Member will tender her resignation, effective as of the Separation Date, from any officer and/or director positions held with any subsidiary companies, and affiliates, if any. The Member understands and agrees that from and after the Separation Date, he is no longer authorized to incur any expenses, obligations or liabilities on behalf of the Company or the Company Affiliates. This Agreement shall not become effective or enforceable until all parties have signed an original of this Agreement.

2. **No Claims**: The Member represents and agrees that he has not filed nor shall ever file any notices, claims, complaints, charges, or lawsuits of any kind whatsoever against the Releasees (as defined in below) with any court, any governmental agency, any regulatory body or any other third party with respect to any matter related to the Company, a Company Affiliate or a Releasee, or arising out of his employment with and/or separation from the Company.

3. **Payment of Moneys Owed**: The Member and the Company acknowledge that the Company has paid, or will pay no later than February 12, 2018, all remuneration owed to the Member as a result of her employment with and separation from the Company through the Separation Date as a result of his employment with the Company, provided that such expenses are authorized under and consistent with the expense reimbursement policies of the Company. Total renumeration and membership interest due to Member is Ten Dollars ($10.00.) Further, the Company shall continue to pay health insurance premiums for Member until the earlier of a) Member attains other coverage or b) April 30, 2018. In no cases shall the Company be required to pay for any health benefits of Member past April 30, 2018. Except as specifically provided for in this Paragraph 3 and in Paragraphs 6 and 9, the Member shall not be entitled to receive any compensation or benefits of employment from the Company or any Company Affiliate following the Separation Date.

4. **Non-Admission of Liability and Acknowledgement of Compliance**: This Agreement and the fact that it was offered are not and shall not in any way be construed as admissions by the Company that it violated any federal, state or local law, statute or regulation, or that it acted wrongfully with respect to the Member or to any other person or entity in any manner. The Company specifically disclaims any liability to or wrongful acts against the Member or any other person or entity. Further, the Member acknowledges and agrees that it is the policy of the Company to comply with all applicable federal, state and local laws and regulations. The Member affirms that she has reported all compliance issues and violations of federal, state and local laws or regulations or Company policy of which she had knowledge during the term of her employment, if any. The Member represents and acknowledges that she has no further or additional knowledge or information regarding compliance issues or possible violations of

1

D 2

federal, state or local laws or regulations or Company policy other than what the Member has previously raised, if any.

5. **Non-Admissibility**: Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by the Company or the Member of any violation of any state, federal or local laws or regulations or any rules, regulations, criteria or standards of any regulatory body. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

6. **Debts, Liability, Expenses and Tax Matter.** The Company acknowledges that as a material inducement for Member to enter into this Agreement, the Company shall hold Member harmless and not liable for any debts, liability, judgments, tax consequences and/or other matters of which the Company owes a third party any monetary obligation of any sort, whether such obligation existed prior to the Separation or at any time thereafter.

7. **No Disparagement or Encouragement of Claims**: The Member agrees that Member will not, nor will he cause anyone else to, make any statement or issue any communication, written or otherwise, that disparages, criticizes or otherwise reflects adversely on or encourages any adverse action against the Company, any Company Affiliate or any Releasee (as defined in Paragraph 11), to either the press, the media or any other third party, except if testifying truthfully under oath pursuant to any lawful court order or subpoena or otherwise responding to or providing disclosures required by law. The Company similarly agrees that its officers and directors will not, nor will they cause anyone else to, make any statement or issue any communication, written or otherwise, that disparages, criticizes or otherwise reflects adversely on or encourages any adverse action against the Member to either the press, the media or any third party, except if testifying truthfully under oath pursuant to lawful court order or subpoena or otherwise responding to or providing disclosures required by law.

8. **Non-Solicitation and Confidential Information**.

8.1 **Confidential Information and Protection of Confidential Information**. The Member acknowledges that, throughout and as an incident to her employment with the Company, the Member has become acquainted with and received Confidential Information relating to the Company, including trade secrets, processes, methods of operation, business models and plans, advertising and marketing plans and strategies, Company records, research techniques and results, academic programs, academic course development, methods of instruction, training programs, computer programs, databases, software codes, systems and models, marketing, promotional and sales programs, and financial information concerning the business of the Company, which information is not readily available to the public and gives the Company an opportunity to gain an advantage over competitors who do not know or use this information in the same manner as the Company, and which the Company regards as confidential and proprietary (collectively "Confidential Information"). Such Confidential Information includes, but is not limited to: (i) information relating to the Company's past and existing vendors and the development of the Company's products; (ii) inventions, designs, methods, discoveries, works of authorship, creations, improvements or ideas developed or otherwise produced, acquired or used by the Company; (iii) advertising and marking plans and strategies; (iv) the Company's proprietary programs, processes or software; (v) the subject matter of any patents, design patents,

2

D 3

copyrights, trade secrets, trademarks, service marks, trade names, trade dress, manuals, operating instructions, training materials, and other industrial property; and (vi) other confidential and proprietary information or documents relating to the Company or its students or vendors which the Company reasonably regards as being confidential. Confidential Information does not include: (a) information known in general to the Member's profession, or that becomes known thereafter, other than by an unauthorized act of the Member; (b) information that was lawfully in the Member's possession before her employment with the Company; or (c) information obtained lawfully and in good faith from another party after such disclosure emanating from an original source other than the Company.

The Member acknowledges that the Confidential Information is of incalculable value to the Company and is the exclusive property of the Company, and that the Company would suffer irreparable damage if any of the Confidential Information is improperly disclosed or used. Accordingly, the Member will not, at any time during Member's employment with, or after the Member's separation from employment with, the Company, reveal, divulge, or make known to any person, firm or corporation any Confidential Information made known to the Member or of which the Member has become aware, regardless of whether developed, prepared, devised, or otherwise created in whole or in part by the efforts of the Member. The Member further agrees that she will retain all Confidential Information in trust for the sole benefit of the Company, and will not divulge or deliver any Confidential Information to any unauthorized person including, without limitation, any other employer of the Member except as required by the order of any court or similar tribunal or any other governmental body or agency of appropriate jurisdiction; provided, that the Member will, to the extent practicable, give the Company prior written notice of any such disclosure and will cooperate with the Company in obtaining a protective order or such similar protection as the Company may deem appropriate to preserve the confidential nature of such information. The foregoing obligations to maintain the Confidential Information shall not apply to any Confidential Information that is, or without any action by the Member becomes, generally available to the public.

8.2 **Non-Solicitation/Non-Hire**. Commencing on the Separation Date and for eighteen (18) months thereafter, the Member will not, directly or indirectly, individually or on behalf of any Person (as defined below) (a) hire, solicit, aid or induce any then-current employee of the Company or Company Affiliates to leave the Company or Company Affiliates to accept employment with or render services for the Member or such Person, or (b) solicit, aid or induce any then-current student, customer, client, vendor, lender, supplier or sales representative of the Company or Company Affiliates or similar persons engaged in business with the Company or Company Affiliates to discontinue the relationship or reduce the amount of business done with the Company or Company Affiliates. "Person" means any individual, a partnership, a corporation, an association, a limited liability company, a joint stock company, a trust, a joint venture, an unincorporated organization, a governmental entity, or any department, agency or political subdivision thereof, or an accrediting body.

8.3 **Acknowledgements**. The Member fully understands the nature and burdens of this Paragraph 8. The Member acknowledges that the provisions of this Paragraph 8 are fair, reasonable, and not excessively broad, that they are necessary to protect important and legitimate business interests of the Company, Company Affiliates and, the Member can honor all parts of this Paragraph 8 without being prevented from earning a fully adequate livelihood for the

3

P 4

Member and the Member's dependents from now throughout any period during which the Member's activities are restricted hereunder. The Member agrees that the covenants in this Paragraph 8 are in addition to any common law, statutory or contractual obligations of the Member.

8.4 **Remedies and Enforcement**. The Member acknowledges that a breach on his part of the terms of the Restrictive Covenants set forth in this Paragraph 8 will cause irreparable damage to the Company and that monetary damages will not provide an adequate remedy to the Company. Accordingly, the Member agrees that the Company will be entitled to enforce the terms herein in court and seek any and all remedies available to it in equity and law, including, but not limited to, injunctive relief, without the posting of any bond or other security. The parties agree that the prevailing party in any action related to enforcement of such Restrictive Covenants shall be entitled to reimbursement from the non-prevailing party for attorneys fees and costs incurred related to such action. The Member further acknowledges and agrees that in the event any of the Restrictive Covenants contained in this Paragraph 8, or any part thereof, hereafter is construed to be illegal, invalid or unenforceable, the same shall not affect the remainder of such covenant or any other covenants. The Member and the Company expressly empower a court of competent jurisdiction to modify any Restrictive Covenant in this Paragraph 8 to the extent necessary to make it legal, valid, and enforceable.

9. **Indemnity and Cooperation**: In the event of a lawsuit or claim by a third party in which the Member is sued either jointly or separately for acts arising out of the scope of the Member's employment with the Company, the Company agrees to defend the Member and hold the Member harmless in accordance with the Member's rights to indemnification under the Company's certificate of incorporation or bylaws of the Company or any existing Indemnification Agreement between the Member and the Company. In turn, in the event of any pending or threatened legal action against the Company or the Company Affiliates or Releasees relating to events which occurred during the Member's employment, the Member acknowledges and agrees that he will cooperate to the fullest extent possible in the investigation, preparation, prosecution, or defense of the Company's or the Company Affiliate's case, including, but not limited to, the execution of affidavits or documents or providing of information requested by the Company or the Company's counsel. Reasonable out-of-pocket expenses related to such assistance will be reimbursed by the Company, if the Company's written approval is obtained in advance. In addition, the Member will be compensated by the Company for her time, at the rate of $100/hour, when requested by the Company to prepare to provide testimony or spend time assisting the Company in any of the foregoing activities or with such matters. The Member will not, however, be compensated for the time he spends providing testimony. Nothing in this Paragraph should be construed as suggesting or implying that the Member should testify in any way other than truthfully or provide anything other than accurate, truthful information. The Member further agrees to provide truthful and timely answers to any reasonable questions the Company may have from time to time about the work the Member performed during his employment. A failure on the part of the Member to reasonably cooperate with the Company shall constitute and be treated as a material breach of this Agreement.

10. **Company Property**: The Member represents, warrants and covenants that the Member has returned to the Company (or will return to the Company along with the executed Agreement) any and all Company property in the Member's possession or control, including, without limitation,

4

all telephones, keys, access cards, security badges, credit cards, phone cards, equipment, computer hardware and encryption devices (including, but not limited to, all computers, Blackberry devices, and personal data assistants), all contents of all such hardware, all passwords and codes needed to obtain access to or operate all or part of any such hardware, all electronic storage devices (including but not limited to all hard drives, disk drives, diskettes, CDs, CD-ROMs, DVDs, and DVD-ROMs), all contents of all such electronic storage devices, all passwords and codes needed to obtain access to or use all or part of any such electronic storage device, all computer software and programs, financial information, accounting records, computer printouts, manuals, data, materials, papers, books, files, documents, records, policies, student information and lists, customer information and lists, marketing information, specifications and plans, data base information and lists, mailing lists, and notes, including but not limited to any property describing or containing any Confidential Information, and the Member agrees that the Member will not retain any copies, duplicates, reproductions or excerpts thereof in any form whatsoever.

The Member acknowledges that once this Agreement is fully executed, Sam Chera shall remain the sole remaining member of the Company.

11. **General Release, Discharge of All Claims and Agreement Not to Sue**: In consideration of the payments and benefits referred to in Paragraph 6 from the Company to the Member as set forth herein and other consideration the receipt and sufficiency of which is hereby acknowledged, the Member, on behalf of himself, his dependents, heirs, executors, administrators, assigns and successors, and each of them hereby:

(a) voluntarily, fully and unconditionally releases and forever discharges the Company, the Company Affiliates, and associated organizations, past and present, and each of them, as well as its and their trustees, directors, officers, agents, attorneys, employees, contractors, insurers, representatives, assigns, and successors, past and present, and each of them, (hereinafter "Releasees"), with respect to and from any and all legally waivable claims, wages, demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders, liabilities, complaints, and promises whatsoever, in law or equity, known or unknown, suspected or unsuspected, and whether or not concealed or hidden (collectively, "Claims"), which he now owns or holds or she has at any time heretofore owned or held or may in the future hold as against any or all said Releasees, arising on or before the date this Agreement is executed, including, but not limited to, any Claims arising out of or in any way connected with his employment with and/or separation from the Company.

(b) agrees not to sue any or all of the Releasees with respect to any matter released or discharged herein.

12. **No Representation**: The Member agrees and acknowledges that in executing this Agreement he does not rely and has not relied on any representation or statement by any of the Releasees or by any of the Releasees' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement.

D 6

13. **No Assignment**: The Member represents that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, and the Member agrees to indemnify, defend and hold harmless each and all of the Releasees against any and all disputes based on, arising out of, or in connection with any such transfer or assignment, or purported transfer or assignment, of any claims or any portion thereof or interest therein.

14. **Severability**: If any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given their intended effect without the invalid provisions or applications and to this end the provisions of this Agreement are declared to be severable. If, however, a court of competent jurisdiction finds that any release by the Member in Paragraph 11 above is illegal, void, or unenforceable, the Member will promptly sign a release, waiver, and/or agreement that is legal and enforceable to the greatest extent permitted by law.

15. **No Continuing Relationship**: The Member and the Company acknowledge that any employment, contractual or other relationship between the Member and the Company terminated as of the Separation Date and that they have no further employment, contractual or other relationship except as may arise out of this Agreement. The Member waives any right or claim to reinstatement as an employee of the Company, and will not seek employment, an independent contractor relationship or any relationship in the future with the Company.

16. **Voluntary Execution of Agreement and Consultation with Counsel**: The Member is hereby advised to consult with an attorney prior to executing this Agreement. The Member represents, warrants and agrees that he has carefully read the Agreement and understands its meaning and has had the opportunity to seek independent legal advice from an attorney of her choice with respect to the advisability of this Agreement and is signing this Agreement, knowingly, voluntarily and without any coercion or duress.

17. **Notice**: All notices, requests, demands and other communications hereunder to either party shall be in writing and shall be delivered, either by hand, by facsimile, by overnight courier or by certified mail, return receipt requested, duly addressed as indicated below or to such changed address as the party may subsequently designate:

To the Company:

E. Works LLC

2329 _Nostrand Ave_

_Brooklyn  ny  11210_

To the Member:

Solomon Shemia

_224 Ave N_

6

D 7

_Brooklyn ny 1230_

18. **Governing Law**: This Agreement is made and entered into in the State of New York and shall be interpreted, enforced and governed under New York law, without regard to its conflict of laws principles.

19. **Interest Termination**: The Company shall accurately report that Member's interest terminated pursuant to the elimination of Member's position.

20. **Binding Effect**: This Agreement shall be binding upon and inure to the benefit of the Member and the Company (and Releasees) and each party's respective heirs, representatives, executors, administrators, successors and assigns.

21. **No Presumption**: This Agreement shall be construed and interpreted as if all of its language were prepared jointly by the Member and the Company. No language in this Agreement shall be construed against a party on the ground that such party drafted or proposed that language.

22. **Violation of Agreement**. If the Member or the Company prevails in a legal or equitable action claiming that the other party has breached this Agreement, the prevailing party shall be entitled to recover from the other party the reasonable attorneys' fees and costs incurred by the prevailing party in connection with such action.

23. **Execution of Counterparts**: This Agreement may be executed in counterparts, but shall be construed as if signed in one document. Facsimile or electronically transmitted signatures shall be given the same force and effect as original signatures with the parties to provide original signatures as soon as practicable.

24. **Entire Agreement**: This Agreement constitutes and contains the entire agreement and understanding concerning the Member's interest with and separation from the Company and the other subject matters addressed herein between the parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matters hereof, except for the parties' agreements relating to indemnification, trade secrets, confidential and proprietary information, copyrights, and the like, if any, which shall remain in force and effect in accordance with the terms thereof. The Member represents and agrees that no promises, statements or inducements have been made to her which caused her to sign this Agreement other than those which are expressly stated in this Agreement. This is an integrated document and may not be altered except by written agreement signed by an officer designated by the Company, and the Member.

I have carefully read the entire Agreement and accept and agree to the provisions it contains and hereby execute it voluntarily and with full understanding of its consequences.

Executed this _12_ day of __February___, 2018.

Solomon Shemia

7

D 8

E. Works, LLC

DATED: February 12, 2018     By: _____

Name:     _Sam Chera_

Title:     Member Officer

STATE OF NEW YORK

COUNTY OF _Kings_

On the __12__ day of _February_ in the year _2018_ before me, the undersigned, personally appeared _Sam Chera_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____

Notary Public

Printed Name: _Eddie Shrem_

My Commission Expires: _09/2020_

EDDIE SHREM, NOTARY PUBLIC
STATE OF NEW YORK
REG NO. 02SH6268406
QUALIFIED IN KINGS COUNTY
COMM. EXPIRES SEP 10, 20 20

STATE OF NEW YORK

COUNTY OF _Kings_

On the __12__ day of _February_ in the year _2018_ before me, the undersigned, personally appeared _Solomon Shemia_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the

8

D 9

individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

Printed Name: _Eddie Shrem_

My Commission Expires:

_09/2020_

EDDIE SHREM, NOTARY PUBLIC
STATE OF NEW YORK
REG NO. 02SH6268406
QUALIFIED IN KINGS COUNTY
COMM. EXPIRES SEP 10, 2020

9

D 10

## Resignation of Member, Managing Member or Manager from a Limited Liability Company (LLC)

1. The name of the limited liability company as it appears on the records:
   E. Works LLC.

2. This limited liability company was organized under the laws of:
   New York State

3. The registration number of this limited liability company is:
   4816136

4. I, Solomon Shemia, hereby resign as an Officer of the above limited liability company and will not receive a buyout of any amount or consideration of any kind and do hereby swear that the above mentioned limited liability company has been notified of my resignation in writing.

Date 2/12/18

Signature of Resigning Member, Managing Member or Manager

STATE OF NEW YORK

COUNTY OF _Kings_

On the _12_ day of _February_ in the year _2018_ before me, the undersigned, personally appeared _Solomon Shemia_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

Printed Name: _Eddie Shrem_

My Commission Expires:

_09/2020_

EDDIE SHREM, NOTARY PUBLIC
STATE OF NEW YORK
REG NO. 02SH6268406
QUALIFIED IN KINGS COUNTY
COMM. EXPIRES SEP 10, 2020

D 11

## SEPARATION AGREEMENT AND GENERAL RELEASE

This Separation Agreement and General Release ("Agreement") is made and entered into by and between Solomon Shemia (the "Member") and ANC Sales, Inc., a New York Domestic Corporation (the "Company").

1. **Separation and Effective Dates**: The Member's employment with the Company and, to the extent applicable, with its direct and indirect subsidiaries, affiliates, companies, divisions, units, schools, and affiliated schools (the "Company Affiliates"), terminates effective February 12, 2018 (the "Separation Date"). Member agrees that Member will tender her resignation, effective as of the Separation Date, from any officer and/or director positions held with any subsidiary companies, and affiliates, if any. The Member understands and agrees that from and after the Separation Date, he is no longer authorized to incur any expenses, obligations or liabilities on behalf of the Company or the Company Affiliates. This Agreement shall not become effective or enforceable until all parties have signed an original of this Agreement.

2. **No Claims**: The Member represents and agrees that he has not filed nor shall ever file any notices, claims, complaints, charges, or lawsuits of any kind whatsoever against the Releasees (as defined in below) with any court, any governmental agency, any regulatory body or any other third party with respect to any matter related to the Company, a Company Affiliate or a Releasee, or arising out of his employment with and/or separation from the Company.

3. **Payment of Moneys Owed**: The Member and the Company acknowledge that the Company has paid, or will pay no later than February 12, 2018, all remuneration owed to the Member as a result of her employment with and separation from the Company through the Separation Date as a result of his employment with the Company, provided that such expenses are authorized under and consistent with the expense reimbursement policies of the Company. Total renumeration and membership interest due to Member is Ten Dollars ($10.00.) Except as specifically provided for in this Paragraph 3 and in Paragraphs 6 and 9, the Member shall not be entitled to receive any compensation or benefits of employment from the Company or any Company Affiliate following the Separation Date.

4. **Non-Admission of Liability and Acknowledgement of Compliance**: This Agreement and the fact that it was offered are not and shall not in any way be construed as admissions by the Company that it violated any federal, state or local law, statute or regulation, or that it acted wrongfully with respect to the Member or to any other person or entity in any manner. The Company specifically disclaims any liability to or wrongful acts against the Member or any other person or entity. Further, the Member acknowledges and agrees that it is the policy of the Company to comply with all applicable federal, state and local laws and regulations. The Member affirms that she has reported all compliance issues and violations of federal, state and local laws or regulations or Company policy of which she had knowledge during the term of her employment, if any. The Member represents and acknowledges that she has no further or additional knowledge or information regarding compliance issues or possible violations of federal, state or local laws or regulations or Company policy other than what the Member has previously raised, if any.

1

D 12

5. <u>Non-Admissibility</u>: Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by the Company or the Member of any violation of any state, federal or local laws or regulations or any rules, regulations, criteria or standards of any regulatory body. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

6. <u>Debts, Liability, Expenses and Tax Matter.</u>  The Company acknowledges that as a material inducement for Member to enter into this Agreement, the Company shall hold Member harmless and not liable for any debts, liability, judgments, tax consequences and/or other matters of which the Company owes a third party any monetary obligation of any sort, whether such obligation existed prior to the Separation or at any time thereafter.

7. <u>No Disparagement or Encouragement of Claims</u>: The Member agrees that Member will not, nor will he cause anyone else to, make any statement or issue any communication, written or otherwise, that disparages, criticizes or otherwise reflects adversely on or encourages any adverse action against the Company, any Company Affiliate or any Releasee (as defined in Paragraph 11), to either the press, the media or any other third party, except if testifying truthfully under oath pursuant to any lawful court order or subpoena or otherwise responding to or providing disclosures required by law. The Company similarly agrees that its officers and directors will not, nor will they cause anyone else to, make any statement or issue any communication, written or otherwise, that disparages, criticizes or otherwise reflects adversely on or encourages any adverse action against the Member to either the press, the media or any third party, except if testifying truthfully under oath pursuant to lawful court order or subpoena or otherwise responding to or providing disclosures required by law.

8. <u>Non-Solicitation and Confidential Information</u>.

8.1 <u>Confidential Information and Protection of Confidential Information</u>. The Member acknowledges that, throughout and as an incident to her employment with the Company, the Member has become acquainted with and received Confidential Information relating to the Company, including trade secrets, processes, methods of operation, business models and plans, advertising and marketing plans and strategies, Company records, research techniques and results, academic programs, academic course development, methods of instruction, training programs, computer programs, databases, software codes, systems and models, marketing, promotional and sales programs, and financial information concerning the business of the Company, which information is not readily available to the public and gives the Company an opportunity to gain an advantage over competitors who do not know or use this information in the same manner as the Company, and which the Company regards as confidential and proprietary (collectively "Confidential Information"). Such Confidential Information includes, but is not limited to: (i) information relating to the Company's past and existing vendors and the development of the Company's products; (ii) inventions, designs, methods, discoveries, works of authorship, creations, improvements or ideas developed or otherwise produced, acquired or used by the Company; (iii) advertising and marking plans and strategies; (iv) the Company's proprietary programs, processes or software; (v) the subject matter of any patents, design patents, copyrights, trade secrets, trademarks, service marks, trade names, trade dress, manuals, operating instructions, training materials, and other industrial property; and (vi) other confidential and proprietary information or documents relating to the Company or its students or vendors which

2

D 13

the Company reasonably regards as being confidential. Confidential Information does not include: (a) information known in general to the Member's profession, or that becomes known thereafter, other than by an unauthorized act of the Member; (b) information that was lawfully in the Member's possession before her employment with the Company; or (c) information obtained lawfully and in good faith from another party after such disclosure emanating from an original source other than the Company.

The Member acknowledges that the Confidential Information is of incalculable value to the Company and is the exclusive property of the Company, and that the Company would suffer irreparable damage if any of the Confidential Information is improperly disclosed or used. Accordingly, the Member will not, at any time during Member's employment with, or after the Member's separation from employment with, the Company, reveal, divulge, or make known to any person, firm or corporation any Confidential Information made known to the Member or of which the Member has become aware, regardless of whether developed, prepared, devised, or otherwise created in whole or in part by the efforts of the Member. The Member further agrees that she will retain all Confidential Information in trust for the sole benefit of the Company, and will not divulge or deliver any Confidential Information to any unauthorized person including, without limitation, any other employer of the Member except as required by the order of any court or similar tribunal or any other governmental body or agency of appropriate jurisdiction; provided, that the Member will, to the extent practicable, give the Company prior written notice of any such disclosure and will cooperate with the Company in obtaining a protective order or such similar protection as the Company may deem appropriate to preserve the confidential nature of such information. The foregoing obligations to maintain the Confidential Information shall not apply to any Confidential Information that is, or without any action by the Member becomes, generally available to the public.

8.2 **Non-Solicitation/Non-Hire**. Commencing on the Separation Date and for eighteen (18) months thereafter, the Member will not, directly or indirectly, individually or on behalf of any Person (as defined below) (a) hire, solicit, aid or induce any then-current employee of the Company or Company Affiliates to leave the Company or Company Affiliates to accept employment with or render services for the Member or such Person, or (b) solicit, aid or induce any then-current student, customer, client, vendor, lender, supplier or sales representative of the Company or Company Affiliates or similar persons engaged in business with the Company or Company Affiliates to discontinue the relationship or reduce the amount of business done with the Company or Company Affiliates. "Person" means any individual, a partnership, a corporation, an association, a limited liability company, a joint stock company, a trust, a joint venture, an unincorporated organization, a governmental entity, or any department, agency or political subdivision thereof, or an accrediting body.

8.3 **Acknowledgements**. The Member fully understands the nature and burdens of this Paragraph 8. The Member acknowledges that the provisions of this Paragraph 8 are fair, reasonable, and not excessively broad, that they are necessary to protect important and legitimate business interests of the Company, Company Affiliates and, the Member can honor all parts of this Paragraph 8 without being prevented from earning a fully adequate livelihood for the Member and the Member's dependents from now throughout any period during which the Member's activities are restricted hereunder. The Member agrees that the covenants in this

3

D 14

Paragraph 8 are in addition to any common law, statutory or contractual obligations of the Member.

8.4 **Remedies and Enforcement**. The Member acknowledges that a breach on his part of the terms of the Restrictive Covenants set forth in this Paragraph 8 will cause irreparable damage to the Company and that monetary damages will not provide an adequate remedy to the Company. Accordingly, the Member agrees that the Company will be entitled to enforce the terms herein in court and seek any and all remedies available to it in equity and law, including, but not limited to, injunctive relief, without the posting of any bond or other security. The parties agree that the prevailing party in any action related to enforcement of such Restrictive Covenants shall be entitled to reimbursement from the non-prevailing party for attorneys fees and costs incurred related to such action. The Member further acknowledges and agrees that in the event any of the Restrictive Covenants contained in this Paragraph 8, or any part thereof, hereafter is construed to be illegal, invalid or unenforceable, the same shall not affect the remainder of such covenant or any other covenants. The Member and the Company expressly empower a court of competent jurisdiction to modify any Restrictive Covenant in this Paragraph 8 to the extent necessary to make it legal, valid, and enforceable.

9. **Indemnity and Cooperation**: In the event of a lawsuit or claim by a third party in which the Member is sued either jointly or separately for acts arising out of the scope of the Member's employment with the Company, the Company agrees to defend the Member and hold the Member harmless in accordance with the Member's rights to indemnification under the Company's certificate of incorporation or bylaws of the Company or any existing Indemnification Agreement between the Member and the Company. In turn, in the event of any pending or threatened legal action against the Company or the Company Affiliates or Releasees relating to events which occurred during the Member's employment, the Member acknowledges and agrees that he will cooperate to the fullest extent possible in the investigation, preparation, prosecution, or defense of the Company's or the Company Affiliate's case, including, but not limited to, the execution of affidavits or documents or providing of information requested by the Company or the Company's counsel. Reasonable out-of-pocket expenses related to such assistance will be reimbursed by the Company, if the Company's written approval is obtained in advance. In addition, the Member will be compensated by the Company for her time, at the rate of $100/hour, when requested by the Company to prepare to provide testimony or spend time assisting the Company in any of the foregoing activities or with such matters. The Member will not, however, be compensated for the time he spends providing testimony. Nothing in this Paragraph should be construed as suggesting or implying that the Member should testify in any way other than truthfully or provide anything other than accurate, truthful information. The Member further agrees to provide truthful and timely answers to any reasonable questions the Company may have from time to time about the work the Member performed during his employment. A failure on the part of the Member to reasonably cooperate with the Company shall constitute and be treated as a material breach of this Agreement.

10. **Company Property**: The Member represents, warrants and covenants that the Member has returned to the Company (or will return to the Company along with the executed Agreement) any and all Company property in the Member's possession or control, including, without limitation, all telephones, keys, access cards, security badges, credit cards, phone cards, equipment, computer hardware and encryption devices (including, but not limited to, all computers,

4

D 15

Blackberry devices, and personal data assistants), all contents of all such hardware, all passwords and codes needed to obtain access to or operate all or part of any such hardware, all electronic storage devices (including but not limited to all hard drives, disk drives, diskettes, CDs, CD-ROMs, DVDs, and DVD-ROMs), all contents of all such electronic storage devices, all passwords and codes needed to obtain access to or use all or part of any such electronic storage device, all computer software and programs, financial information, accounting records, computer printouts, manuals, data, materials, papers, books, files, documents, records, policies, student information and lists, customer information and lists, marketing information, specifications and plans, data base information and lists, mailing lists, and notes, including but not limited to any property describing or containing any Confidential Information, and the Member agrees that the Member will not retain any copies, duplicates, reproductions or excerpts thereof in any form whatsoever.

The Member acknowledges that once this Agreement is fully executed, Sam Chera shall remain the sole remaining member of the Company.

11. **General Release, Discharge of All Claims and Agreement Not to Sue**: In consideration of the payments and benefits referred to in Paragraph 6 from the Company to the Member as set forth herein and other consideration the receipt and sufficiency of which is hereby acknowledged, the Member, on behalf of himself, his dependents, heirs, executors, administrators, assigns and successors, and each of them hereby:

(a) voluntarily, fully and unconditionally releases and forever discharges the Company, the Company Affiliates, and associated organizations, past and present, and each of them, as well as its and their trustees, directors, officers, agents, attorneys, employees, contractors, insurers, representatives, assigns, and successors, past and present, and each of them, (hereinafter "Releasees"), with respect to and from any and all legally waivable claims, wages, demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders, liabilities, complaints, and promises whatsoever, in law or equity, known or unknown, suspected or unsuspected, and whether or not concealed or hidden (collectively, "Claims"), which he now owns or holds or she has at any time heretofore owned or held or may in the future hold as against any or all said Releasees, arising on or before the date this Agreement is executed, including, but not limited to, any Claims arising out of or in any way connected with his employment with and/or separation from the Company.

(b) agrees not to sue any or all of the Releasees with respect to any matter released or discharged herein.

12. **No Representation**: The Member agrees and acknowledges that in executing this Agreement he does not rely and has not relied on any representation or statement by any of the Releasees or by any of the Releasees' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement.

13. **No Assignment**: The Member represents that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, and the Member agrees to indemnify, defend and hold harmless each and all of

5

D 16

the Releasees against any and all disputes based on, arising out of, or in connection with any such transfer or assignment, or purported transfer or assignment, of any claims or any portion thereof or interest therein.

14. **Severability**: If any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given their intended effect without the invalid provisions or applications and to this end the provisions of this Agreement are declared to be severable. If, however, a court of competent jurisdiction finds that any release by the Member in Paragraph 11 above is illegal, void, or unenforceable, the Member will promptly sign a release, waiver, and/or agreement that is legal and enforceable to the greatest extent permitted by law.

15. **No Continuing Relationship**: The Member and the Company acknowledge that any employment, contractual or other relationship between the Member and the Company terminated as of the Separation Date and that they have no further employment, contractual or other relationship except as may arise out of this Agreement. The Member waives any right or claim to reinstatement as an employee of the Company, and will not seek employment, an independent contractor relationship or any relationship in the future with the Company.

16. **Voluntary Execution of Agreement and Consultation with Counsel**: The Member is hereby advised to consult with an attorney prior to executing this Agreement. The Member represents, warrants and agrees that he has carefully read the Agreement and understands its meaning and has had the opportunity to seek independent legal advice from an attorney of her choice with respect to the advisability of this Agreement and is signing this Agreement, knowingly, voluntarily and without any coercion or duress.

17. **Notice**: All notices, requests, demands and other communications hereunder to either party shall be in writing and shall be delivered, either by hand, by facsimile, by overnight courier or by certified mail, return receipt requested, duly addressed as indicated below or to such changed address as the party may subsequently designate:

To the Company:

ANC Sales, Inc.

2329 Avenue N

Brooklyn Ny 1210

To the Member:

Solomon Shemia

224 Avenue N

Brooklyn Ny 1730

6

D 17

18. **Governing Law**: This Agreement is made and entered into in the State of New York and shall be interpreted, enforced and governed under New York law, without regard to its conflict of laws principles.

19. **Interest Termination**: The Company shall accurately report that Member's interest terminated pursuant to the elimination of Member's position.

20. **Binding Effect**: This Agreement shall be binding upon and inure to the benefit of the Member and the Company (and Releasees) and each party's respective heirs, representatives, executors, administrators, successors and assigns.

21. **No Presumption**: This Agreement shall be construed and interpreted as if all of its language were prepared jointly by the Member and the Company. No language in this Agreement shall be construed against a party on the ground that such party drafted or proposed that language.

22. **Violation of Agreement**. If the Member or the Company prevails in a legal or equitable action claiming that the other party has breached this Agreement, the prevailing party shall be entitled to recover from the other party the reasonable attorneys' fees and costs incurred by the prevailing party in connection with such action.

23. **Execution of Counterparts**: This Agreement may be executed in counterparts, but shall be construed as if signed in one document. Facsimile or electronically transmitted signatures shall be given the same force and effect as original signatures with the parties to provide original signatures as soon as practicable.

24. **Entire Agreement**: This Agreement constitutes and contains the entire agreement and understanding concerning the Member's interest with and separation from the Company and the other subject matters addressed herein between the parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matters hereof, except for the parties' agreements relating to indemnification, trade secrets, confidential and proprietary information, copyrights, and the like, if any, which shall remain in force and effect in accordance with the terms thereof. The Member represents and agrees that no promises, statements or inducements have been made to her which caused her to sign this Agreement other than those which are expressly stated in this Agreement. This is an integrated document and may not be altered except by written agreement signed by an officer designated by the Company, and the Member.

I have carefully read the entire Agreement and accept and agree to the provisions it contains and hereby execute it voluntarily and with full understanding of its consequences.

Executed this _12_ day of ___February___, 2018.

Solomon Shemia

7

D 18

ANC Sales, Inc.

DATED: February 12  , 2018

By:
Name:          Sam Chera
Title:          Member Officer

STATE OF NEW YORK

COUNTY OF _____Kings_____

On the __12__ day of __February__ in the year __2018__ before me, the undersigned, personally appeared ____Sam Chera____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Printed Name: __Eddie Shrem__

My Commission Expires: __09/2020__

EDDIE SHREM, NOTARY PUBLIC
STATE OF NEW YORK
REG NO. 02SH6268406
QUALIFIED IN KINGS COUNTY
COMM. EXPIRES SEP 10, 20 20

STATE OF NEW YORK

COUNTY OF _____Kings_____

On the __12__ day of __February__ in the year __2018__ before me, the undersigned, personally appeared ____Solomon Shrem____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

8

D 19

Notary Public

Printed Name: _Eddie Shrem_

My Commission Expires:

_09/10/20_

EDDIE SHREM, NOTARY PUBLIC
STATE OF NEW YORK
REG NO. 02SH6268406
QUALIFIED IN KINGS COUNTY
COMM. EXPIRES SEP 10, 20_20_

9

D 20

## Resignation of Member, Managing Member or Manager from a Business Corporation

1. The name of the limited liability company as it appears on the records:
   ANC Sales Inc.

2. This Corporation was organized under the laws of:
   New York State

3. The registration number of this limited liability company is:
   5109520

4. I, Solomon Shemia, hereby resign as an Officer of the above Company and will not receive a buyout of any amount or consideration of any kind and do hereby swear that the above mentioned corporation has been notified of my resignation in writing.

_____   Date _2/12/18_

Signature of Resigning Member, Managing Member or Manager

STATE OF NEW YORK

COUNTY OF ___Kings___

On the __12th__ day of __February__ in the year __2018__ before me, the undersigned, personally appeared ___Solomon Shemia___, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____

Notary Public

Printed Name: _Eddie Shrem_

My Commission Expires:

_09/2020_

EDDIE SHREM, NOTARY PUBLIC
STATE OF NEW YORK
REG NO. 02SH6268406
QUALIFIED IN KINGS COUNTY
COMM. EXPIRES SEP 10, 2020

D 21

Exhibit  B

ALLYN & FORTUNA, LLP
1010 Avenue of the Americas, 3rd Floor
New York, New York 10018
(212) 213-8844
(212) 213-3318 (fax)
Attorneys for Defendant
STEVE SHEMIA

|  |  |  |
|---|---|---|
| | X | |
| WAREHOUSE 18, INC., | : | |
| | : | |
| Plaintiff, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: PASSAIC COUNTY |
| | : | SPECIAL CIVIL PART |
| - against - | : | Docket No. PAS-DC-005734-18 |
| | : | |
| ELEMENT WORKS USA LLC, SAM CHERA, | : | |
| and STEVE SHEMIA, | : | |
| | : | **ANSWER TO AMENDED** |
| Defendants. | : | **COMPLAINT WITH** |
| | X | **CROSS-CLAIMS** |

Defendant STEVE SHEMIA ("Shemia"), by his attorneys Allyn & Fortuna LLP., responds to

Plaintiff WAREHOUSE 18, INC.'s ("Plaintiff") First Amended Complaint as Follows:

1.      Shemia denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "1" of Plaintiff's First Amended Complaint.

2.      Shemia denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "2" of Plaintiff's First Amended Complaint.

3.      Shemia admits that he was a member of Element Works USA LLC ("Element") at the

time that Plaintiff stored and shipped goods for Element, but denies all other allegations set forth in

paragraph "3" of Plaintiff's First Amended Complaint.

4.      Shemia denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "4" of Plaintiff's First Amended Complaint.

1

5.    Shemia denies each and every allegation set forth in paragraph "5" of Plaintiff's First Amended Complaint.

6.    Shemia denies each and every allegation set forth in paragraph "6" of Plaintiff's First Amended Complaint.

7.    Shemia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of Plaintiff's First Amended Complaint.

8.    Shemia denies each and every allegation set forth in paragraph "8" of Plaintiff's First Amended Complaint.

9.    Shemia denies each and every allegation set forth in paragraph "9" of Plaintiff's First Amended Complaint.

10.    Shemia incorporates all prior responses in his response to paragraph "10" of Plaintiff's First Amended Complaint.

11.    Shemia denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of Plaintiff's First Amended Complaint.

12.    Shemia denies each and every allegation set forth in paragraph "12" of Plaintiff's First Amended Complaint.

13.    Shemia denies each and every allegation set forth in paragraph "13" of Plaintiff's First Amended Complaint.

14.    Shemia denies each and every allegation set forth in paragraph "14" of Plaintiff's First Amended Complaint.

15.    Shemia denies that he made any fraudulent misrepresentations or omissions to Plaintiff, and denies knowledge and information as to all other allegations set forth in paragraph "15" of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16.     Plaintiff's First Amended Complaint fails to state a claim against Shemia upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

17.     The Court lacks jurisdiction over the person of Shemia.

### THIRD AFFIRMATIVE DEFENSE

18.     Venue of this action is improper and Shemia reserves the right to move for transfer.

### FOURTH AFFIRMATIVE DEFENSE

19.     Plaintiff consented to the return at issue.

### FIFTH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

21.     Plaintiff's claims are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred by the doctrine of acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred by the statute of frauds.

### NINTH AFFIRMATIVE DEFENSE

24.     Plaintiff is not entitled to damages because the services provided were defective.

### TENTH AFFIRMATIVE DEFENSE

25.     Plaintiff's breach, in whole or part, of the alleged contract precludes Plaintiff' recovery.

3

## ELEVENTH AFFIRMATIVE DEFENSE

26.     Plaintiff's acts and omissions toward Shemia constitute material breaches of the implied covenant of good faith and fair dealing, which precludes Plaintiff from recovery of any damages, or other relief.

## TWELFTH AFFIRMATIVE DEFENSE

27.     Plaintiff has failed to plead fraud with an adequate degree of specificity and particularity.

## THIRTEENTH AFFIRMATIVE DEFENSE

28.     Plaintiff has failed to plead with specificity any factual allegations to establish the requisite statutory elements.

## FOURTEENTH AFFIRMATIVE DEFENSE

29.     Defendant Steve Shemia is not personally liable to the Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

30.     Element Works USA LLC did not transact business with Plaintiff

## SIXTEENTH AFFIRMATIVE DEFENSE

31.     Plaintiff cannot pierce the corporate veil of Element to assert claims against Shemia.

## SEVENTEENTH AFFIRMATIVE DEFENSE

32.     Shemia acted as a corporate representative of Element at all times in its dealings with Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

33.     Shemia never entered into a contract with Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claims are barred by the doctrine of unclean hands.

4

## TWENTIETH AFFIRMATIVE DEFENSE

35.     Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

36.     Shemia has not made any material misrepresentations of fact to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

37.     Shemia is no longer a member of Element.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

38.     Shemia resigned from Element and entered into a Separation Agreement and General Release with Sam Chera ("Chera") on February 12, 2018.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

39.     Under the Separation Agreement and General Release, Shemia is to be held harmless and indemnified for any obligations and/or claims pertaining to Element.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

40.     Chera is solely responsible for any and all claims against Element.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

41.     Shemia did not engage in fraud, injustice or any wrongful conduct.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

42.     Plaintiff's First Amended Complaint fails to include necessary party E. Works LLC.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

43.     Plaintiff brought this action against the wrong party, Element Works USA LLC.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

44.     Shemia reserves his right to add additional defenses in the course of these proceedings.

## AS AND FOR DEFENDANT SHEMIA'S FIRST CROSS-CLAIM AGAINST DEFENDANT CHERA

45.     On or about February 12, 2018, Shemia and Chera entered into two Separation and General Release Agreements with the companies controlled by Chera: (1) an agreement for Shemia's resignation from E. Works, its subsidiaries, affiliates, companies, divisions, and units; and (2) an agreement for Shemia's resignation from ANC, its subsidiaries, affiliates, companies, divisions, and units (collectively hereinafter referred to as, the "Agreements"). Element was a subsidiary of E. Works and ANC. The contractual language clearly specifies that the Agreements were intended to apply to any and all companies related to E. Works and ANC.

46.     Accordingly, Shemia's employment with Element was terminated effective February 12, 2018.

47.     Pursuant to Paragraph 6 of the Agreement, Chera represented that as a material inducement for Shemia to enter into this Agreement, Element shall hold him harmless and not liable for any debts, liability, judgments or any other matters for which Element owes a third party any monetary obligation of any kind, whether such obligation existed prior to the Separation or any time thereafter.

48.     Chera further agreed, pursuant to Paragraph 9 of the Agreement, that in the event of a lawsuit or claim by a third party in which Shemia is sued either jointly or separately for acts arising out of the scope of his employment with Element, Element agrees to defend Shemia and hold him harmless and indemnify him.

49.     Chera has failed to defend Shemia and refused to indemnify or hold him harmless despite numerous requests from Shemia and his attorneys.

6

50.     Chera as founder, sole shareholder, sole officer, and sole director of E. Works, ANC, and Element (collectively hereinafter referred to as, the "Entities"), made all business decisions for the Entities and dominated every aspect of their existence. The Entities were mere instrumentalities, facades, agents, devices and alter egos of Chera which he used to personally benefit from as their owner.

51.     There was such a unity of interest and common ownership and control among and between Chera, E. Works, ANC, and Element, that separate personalities of the Entities and Chera do not exist.

52.     Chera used such control for self-dealing to manipulate and transfer the responsibility of Element's liabilities to Shemia, thereby stripping the Agreements of any consideration to assure that Shemia would wrongfully be held liable for the obligations of the Companies.

53.     While Chera continues to use and benefit from the Element Works USA trademark and domain name, he has fraudulently attempted to assign liability to Shemia—who has no liability with respect to the Entities under the Agreements—in the instant action by claiming that Chera has no relation to Element Works.

54.     Chera's actions were an abuse of the Entities' corporate form which he used to commit fraud, injury, and injustice to Shemia, the proximate result of which resulted in wrongful and inequitable consequences.

55.     Furthermore, Chera commingled funds by paying his personal rent, car payments, doctor visits, and children's tuition with business funds through E. Works and ANC bank and credit card accounts.

56.     Equity should intervene to pierce the corporate veil to permit the imposition of personal liability on Chera to avoid fraud, injury and injustice to Shemia.

7

57.    Chera and the Entities should be treated as a single personality for the purposes of enforcing the Agreements.

58.    If the Plaintiff recovers herein against Shemia, Shemia is entitled to be indemnified and held harmless from all loss or liability, including attorney's fees and defense costs arising from the instant litigation, from Chera, and will be entitled to a judgment against Chera in any amount Plaintiff recovers herein.

## AS AND FOR DEFENDANT SHEMIA'S SECOND CROSS-CLAIM AGAINST DEFENDANT CHERA

59.    Under Paragraph 9 of the Agreement, Shemia is to be reimbursed at the rate of $100 per hour for the defense of any actions against Element.

60.    Accordingly, Shemia will be entitled to a reimbursement from Chera for the time he spends in the defense of this matter upon the disposition of this matter.

## AS AND FOR DEFENDANT SHEMIA'S THIRD CROSS-CLAIM AGAINST DEFENDANT CHERA

61.    Pursuant to common law, any tortious wrongdoing of Shemia, if any, was secondary, imputed, and vicarious, and the tortious wrongdoing, if any, of Chera, is the primary, active, and direct cause of the damages alleged by the Plaintiff.

62.    If the Plaintiff recovers herein against defendant Shemia, such recovery will have been caused by reason of the negligence, violation of statute, strict liability, breach of warranty, breach of contract, and/or tortious wrongdoing of Chera, his agents, servants, subcontractors, and employees, and Shemia is entitled to be indemnified and saved harmless from all loss or liability, including attorney's fees and defense costs arising from the instant litigation, from Chera and will be entitled to a judgment against Chera in any amount Plaintiff recovers herein.

## AS AND FOR DEFENDANT SHEMIA'S FOURTH CROSS-CLAIM AGAINST DEFENDANT CHERA

8

63.     Any damages sustained by Plaintiff are due solely to the alleged tortious wrongdoing of Chera and Shemia demands contribution from Chera in an amount to be determined at trial.

WHEREFORE, Defendant STEVE SHEMIA demands judgment:

(a) Dismissing the Plaintiff's First Amended Complaint herein, together with the costs, disbursements, and attorneys' fees of this action;

(b) On the First cross-claim, a judgment against Sam Chera in an amount to be determined at trial;

(c) On the Second cross-claim, a judgment against Sam Chera in an amount to be determined at trial;

(d) On the Third cross-claim, a judgment against Sam Chera in an amount to be determined at trial;

(e) On the Fourth cross-claim, a judgment against Sam Chera in an amount to be determined at trial;

(f) For such further relief as this Court deems appropriate.

## JURY DEMAND

Defendant hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Nicholas Fortuna is designated as trial counsel for the Defendant in the above-referenced matter.

Dated: June 25, 2018

9

Allyn & Fortuna, LLP
Attorneys for Defendant
STEVE SHEMIA

By: _____
Diana Uhimov

## CERTIFICATION OF NO OTHER ACTIONS

I certify that this dispute is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this action. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: June 25, 2018

Allyn & Fortuna, LLP
Attorneys for Defendant
STEVE SHEMIA

By: _____
Diana Uhimov

10

# EXHIBIT C

Case 2:19-cv-05217-JS Document 1-1 Filed 09/16/19 Page 34 of 97 PageID #: 50

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

--------------------------------------------------------------X

SOLOMON SHEMIA a/k/a STEVE SHEMIA,

                    Plaintiff,

        - against -

E. WORKS LLC, ANC SALES, INC.,
and SAM CHERA,

                  Defendants.

--------------------------------------------------------------X

Index No.
Purchase Date:

**VERIFIED COMPLAINT**

Plaintiff STEVE SHEMIA a/k/a SOLOMON SHEMIA, by his attorneys Allyn & Fortuna LLP., as and for his complaint, respectfully alleges as follows, upon information and belief:

## THE PARTIES

1.     Plaintiff STEVE SHEMIA a/k/a SOLOMON SHEMIA ("Shemia") is an individual residing in Brooklyn, New York.

2.     Upon information and belief, defendant E. WORKS LLC ("E. Works") is a New York Limited Liability Company with its principal place of business at 2329 Nostrand Avenue, Brooklyn, New York.

3.     Upon information and belief, ANC SALES, INC. ("ANC") is a New York Corporation with its principal place of business at 2316 Avenue O, Brooklyn, New York.

4.     Upon information and belief, E. Works and ANC (collectively hereinafter referred to as, the "Companies") are affiliates of non-party Element Works USA LLC ("Element"), a New York Limited Liability Company with its principal place of business also at 2329 Nostrand Avenue, Brooklyn, New York.

I

FILED: KINGS COUNTY CLERK 06/25/2018 06:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 513080/2018

RECEIVED NYSCEF: 06/25/2018

5.     Upon information and belief, the Companies were at all relevant times owned and operated by defendant Sam Chera ("Chera"), an individual residing at 2316 Avenue O, Brooklyn, New York.

6.     Venue in this Court is proper because all parties reside in Kings County.

## BACKGROUND

7.     On or about May 2018, Warehouse 18, Inc. ("Warehouse"), a New Jersey business, purportedly served Shemia, defendant Chera, and non-party Element with a Complaint in the Superior Court of New Jersey. That action is captioned *Warehouse 18, Inc. V. Element Works USA LLC, Sam Chera, and Steve Shemia*, Docket No. PAS-DC-005734-18 ("Underlying Action").   Warehouse subsequently served an Amended Complaint on or about June 2018.  The Amended Complaint is annexed hereto as Exhibit A and incorporated herein without admitting or denying the truth of the allegations contained herein.

8.     In its Amended Complaint, Warehouse alleges one cause of action for breach of contract in connection with Warehouse's alleged agreement with Element to ship and store its merchandise.

9.     Warehouse also alleges one cause of action for fraud in connection with Plaintiff's alleged agreement with Element to ship and store its merchandise.

10.     On or about June 25, 2018, Shemia filed and served its Answer with Cross-claims to the Complaint.  Shemia's Answer with Cross-claims is annexed here to as Exhibit B.

## AS AND FOR A FIRST CAUSE OF ACTION: INDEMNIFICATION

11.     Shemia repeats, reiterates, and realleges each and every allegation set forth in Paragraphs 1 through 10 herein with the same force and effect as if the same were more fully set forth herein.

2

FILED: KINGS COUNTY CLERK 06/25/2018 06:22 PM       INDEX NO. 513080/2018

NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 06/25/2018

12.     On or about February 12, 2018, Shemia entered into two Separation and General Release Agreements with the companies controlled by Chera: (1) an agreement for Shemia's resignation from E. Works, its subsidiaries, affiliates, companies, divisions, and units; and (2) an agreement for Shemia's resignation from ANC, its subsidiaries, affiliates, companies, divisions, and units (collectively hereinafter referred to as, the "Agreements").   The contractual language clearly specifies that the Agreements were intended to apply to any and all companies related to E. Works and ANC.

13.     Accordingly, Shemia's employment with E. Works and ANC, as well as with Element, was terminated effective February 12, 2018.

14.     The Companies are in the business of selling electronics to consumers through various online platforms including, but not limited to, Elementworksusa.com, Groupon.com, Amazon.com, Ebay.com, Rakuten.com, Walmart.com, Jet.com, Bedbathandbeyond.com, Zulilly.com, Twitter.com, Instagram.com, Newegg.com and Evertek.com. The goods were sold under the trade name, Element Works USA.

15.     Upon information and belief, Element was a shell company created solely for the purpose of establishing a trademark for the good sold by E. Works and ANC. All payments to Warehouse and other vendors related to Element goods were made through the bank account and credit card belonging to E. Works.   Defendant Chera was the managing account holder for all E. Works accounts.

16.     Upon information and belief, the Companies both sold products under the name Element Works USA, but two separate companies were established for accounting purposes. ANC was created solely for the sale of goods via Amazon, which calculates taxes differently from other online marketplaces.   Thus, E. Works sold goods via all other online platforms.   This separation allowed the tax liability to be tracked more easily.

3

FILED: KINGS COUNTY CLERK 06/25/2018 06:22 PM    INDEX NO. 513080/2018
NYSCEF DOC. NO. 1                                 RECEIVED NYSCEF: 06/25/2018

17.     Pursuant to Paragraph 6 of the Agreement, it was represented that as a material inducement for Shemia to enter into this Agreement, E. Works and any of its affiliates shall hold him harmless and not liable for any debts, liability, judgments or any other matters for which E. Works or any of its affiliates owes a third party any monetary obligation of any kind, whether such obligation existed prior to the Separation or any time thereafter.

18.     The Agreement further stated, pursuant to Paragraph 9, that in the event of a lawsuit or claim by a third party in which Shemia is sued either jointly or separately for acts arising out of the scope of his employment with the Companies or any of their affiliates, the company agrees to defend Shemia and hold him harmless and indemnify him.

19.     Therefore, if Warehouse recovers against Shemia, Shemia is entitled to be indemnified and held harmless from all loss or liability, including attorney's fees and defense costs arising from the Underlying Action, from E. Works and ANC, and will be entitled to a judgment against the Companies in any amount Warehouse recovers in the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION:
## REIMBURSMENT FOR TIME SPENT
## DEFENDING ACTION

20.     Shemia repeats, reiterates, and realleges each and every allegation set forth in Paragraphs 1 through 19 herein with the same force and effect as if the same were more fully set forth herein.

21.     Under Paragraph 9 of the Agreement, Shemia is to be reimbursed at the rate of $100 per hour for the defense of any actions against the Companies or its affiliates.

22.     Accordingly, Shemia is entitled to a judgment for reimbursement from E. Works and ANC for the time he spends in the defense of the matter brought against their affiliate, Element, in an amount to be determined upon the disposition of the Underlying Action.

## AS AND FOR A THIRD CAUSE OF ACTION:
## INDEMNIFICATION

4

FILED: KINGS COUNTY CLERK 06/25/2018 06:22 PM    INDEX NO. 513080/2018
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 06/25/2018

23.     Shemia repeats, reiterates, and realleges each and every allegation set forth in Paragraphs 1 through 22 herein with the same force and effect as if the same were more fully set forth herein.

24.     To the extent that Shemia is held liable to Warehouse for fraud as alleged in the Underlying Action, such liability is the direct result of the Companies being the procuring cause of the commission of the fraud.

25.     If Warehouse recovers herein against defendant Shemia, such recovery will have been caused by reason of the acts and omissions of E. Works and ANC, their agents, servants, subcontractors, and employees, and Shemia is entitled to be indemnified and saved harmless from all loss or liability, including attorney's fees and defense costs arising from the instant litigation, from E. Works and ANC, and will be entitled to a judgment against the Companies in any amount Warehouse recovers.

## AS AND FOR A FOURTH CAUSE OF ACTION:
## CONTRIBUTION

26.     Shemia repeats, reiterates, and realleges each and every allegation set forth in Paragraphs 1 through 25 herein with the same force and effect as if the same were more fully set forth herein.

27.     Any damages sustained by Warehouse are due solely to the alleged tortious wrongdoing of E. Works and ANC, and Shemia demands contribution from the Companies in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION:
## BREACH OF CONTRACT

28.     Shemia repeats, reiterates, and realleges each and every allegation set forth in Paragraphs 1 through 27 herein with the same force and effect as if the same were more fully set forth herein.

5

FILED: KINGS COUNTY CLERK 06/25/2018 06:22 PM   INDEX NO. 513080/2018
NYSCEF DOC. NO. 1                                RECEIVED NYSCEF: 06/25/2018

29.     In return for Shemia conveying the good will of the business to E. Works, ANC and their affiliates and subsidiaries, the Companies agreed to indemnify and defend Shemia in any action brought against him acts arising out of the scope of his employment with the Companies and/or any affiliates and subsidiaries under the Agreements.

30.     The Companies have failed to defend Shemia and refuse to indemnify or hold him harmless despite numerous requests from Shemia and his attorneys. Accordingly, the Companies are in violation of the Agreement with Shemia.

31.     As a result of the lack of consideration provided to Shemia in return for his contractual conveyance of the business to E. Works and ANC, all assets held by the Companies should be recaptured by Shemia in an amount not less than $1,000,000.00.

### AS AND FOR A SIXTH CAUSE OF ACTION: PIERCING THE CORPORATE VEIL

32.     Shemia repeats, reiterates, and realleges each and every allegation set forth in Paragraphs 1 through 31 herein with the same force and effect as if the same were more fully set forth herein.

33.     Chera as founder, sole shareholder, sole officer, and sole director of E. Works, ANC, and Element (collectively hereinafter referred to as, the "Entities"), made all business decisions for the Entities and dominated every aspect of their existence. The Entities were mere instrumentalities, facades, agents, devices and alter egos of Chera which he used to personally benefit from as their owner.

34.     There was such a unity of interest and common ownership and control among and between Chera, E. Works, ANC, and Element, that separate personalities of the Entities and Chera do not exist.

6

FILED: KINGS COUNTY CLERK 06/25/2018 06:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 513080/2018
RECEIVED NYSCEF: 06/25/2018

35.     Chera used such control for self-dealing to manipulate and transfer the responsibility of Element's liabilities to Shemia, thereby stripping the Agreements of any consideration to assure that Shemia would wrongfully be held liable for the obligations of the Companies.

36.     While Chera continues to use and benefit from the Element Works USA trademark and domain name, he has fraudulently attempted to assign liability to Shemia—who has no liability with respect to the Entities under the Agreements—in the Underlying Action by claiming that Chera has no relation to Element Works.

37.     Chera's actions were an abuse of the Entities' corporate form which he used to commit fraud, injury, and injustice to Shemia, the proximate result of which resulted in wrongful and inequitable consequences.

38.     Furthermore, Chera commingled funds by paying his personal rent, car payments, doctor visits, and children's tuition with business funds through E. Works and ANC bank and credit card accounts.

39.     Equity should intervene to pierce the corporate veil to permit the imposition of personal liability on Chera to avoid fraud, injury and injustice to Shemia.

40.     Chera and the Entities should be treated as a single personality for the purposes of enforcing the Agreements.

41.     Chera has failed to defend Shemia and refused to indemnify or hold him harmless despite numerous requests from Shemia and his attorneys. Accordingly, Chera is in violation of the Agreement with Shemia.

42.     As a result of the lack of consideration provided to Shemia in return for his contractual conveyance of the business to Chera, the value of all assets held by the Companies should be recaptured by Shemia from Chera, in an amount not less than $1,000,000.00.

FILED: KINGS COUNTY CLERK 06/25/2018 06:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 513080/2018

RECEIVED NYSCEF: 06/25/2018

WHEREFORE, Plaintiff SOLOMON SHEMIA a/k/a STEVE SHEMIA demands judgment as follows:

1. On the First Cause of Action, a judgment against E. WORKS and ANC, jointly and severally, in an amount to be determined at trial;

2. On the Second Cause of Action, a judgment against E. WORKS and ANC, jointly and severally, in an amount to be determined at trial;

3. On the Third Cause of Action, a judgment against E. WORKS and ANC, jointly and severally, in an amount to be determined at trial;

4. On the Fourth Cause of Action, a judgment against E. WORKS and ANC, jointly and severally, in an amount to be determined at trial;

5. On the Fifth Cause of Action, a judgment against E. WORKS and ANC of a sum not less than $1,000,000.00, to be determined at trial;

6. On the Sixth Cause of Action, a judgment against SAM CHERA of a sum not less than $1,000,000.00, to be determined at trial;

7. Such other and further relief as this Court deems appropriate.

Dated: June 25, 2018
New York, New York

ALLYN & FORTUNA LLP

By: _____
Diana Uhimov

*Attorneys for Plaintiff*
1010 Avenue of the Americas, 3rd Floor
New York, New York 10018
(212) 213-8844

8

FILED: KINGS COUNTY CLERK 06/25/2018 06:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 513080/2018

RECEIVED NYSCEF: 06/25/2018

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK  )

SOLOMON SHEMIA, being duly sworn, deposes and says:

1.    I am a plaintiff in this action

2.    I have read the annexed Verified Complaint and know the contents thereof and

the same are true to my knowledge, except those matters therein which are stated to be alleged

on information and belief, and to those matters, I believe them to be true.

Dated:        New York, New York
              June 25, 2018

                                                        SOLOMON SHEMIA

Sworn to before me this _25th_
day of June, 2018

_Uliana  Anderson_
         Notary Public

```
ULIANA V ANDERSON
Notary Public · State of New York
NO. 01AN6333023
Qualified in Kings County
My Commission Expires Nov 16, 2019
```

# EXHIBIT D

PAS DC 005734-18      10/18/2018      Pg 1 of 1 Trans ID: SCP20182355871

Warehouse 18, INC.

PLAINTIFF(S)

v.

Element Works USA LLC / Steve Shemia /
Sam Chera

DEFENDANT(S)

**SUPERIOR COURT OF NEW JERSEY
PASSAIC COUNTY: LAW DIVISION**

**SPECIAL CIVIL PART**
77 HAMILTON STREET, PATERSON, N.J. 07505
(973) 247-8239
**Docket No. PAS-DC-5734-18**

**ORDER OF DISPOSITION**

**F I L E D**
Superior Court of New Jersey

OCT 18 2018

*Vicki A. Citrino, JSC*

It is on this **18th** day of **October** , 2018,

**ORDERED** as follows:

☐ SETTLED PRIOR TO TRIAL

☐ SETTLED DURING CALL

☐ SETTLED BY JUDGE

☐ SETTLED DURING MEDIATION

☐ VOLUNTARILY DISMISSED

☒ DISMISSED BY JUDGE

    ☒ WITH PREJUDICE

    ☐ WITHOUT PREJUDICE

☐ N/A BY PLAINTIFF – DISMISSED

☐ N/A BY ALL PARTIES – DISMISSED

☐ N/A DEFENDANT – PLTF TO
SUBMIT

☐ TRIED WITHOUT JURY

☐ N/A DEFENDANT – DEFAULT – PROOF
HEARING

    ☐ CASE DISMISSED
    ☐ JUDGMENT FOR PLAINTIFF _____

☐ JUDGMENT OF POSSESSION

    ☐ W/CERTIFICATIONS
    ☐ W/OUT CERTIFICATIONS

☐ TRANSFERRED

☐ BANKRUPTCY – ORDER TO BE SUBMITTED

☐ ADJOURNED TO _____ AT 8:45 AM

It is further **ORDERED** that this Order was provided to all parties appearing in court. It shall be the responsibility of these parties to serve a copy of this Order upon any party who did not appear in court.

COMMENTS: _Counsel for Defendant Sam Chera appeared and there is no appearance by Co-Defendant Steve Shemia. The Crossclaim Mr. Shemia filed against Mr. Chera are dismissed with Prejudice._

Vicki A. Citrino, J.S.C.

# EXHIBIT E

_Hon. Lara J. Genovisi_
_for_

At an IAS Part of the Supreme Court of
the State of New York held in and for the
County of Kings, 360 Adams Street,
Brooklyn, New York, on the ___7___
day of June, 2019

**PRESENT:   HON. SYLVIA G. ASH, J.S.C.**

---------------------------------------------------------X

SOLOMON SHEMIA a/k/a STEVE SHEMIA,

               Plaintiff,

        - against -

E. WORKS LLC, ANC SALES, INC.,
and SAM CHERA,

              Defendants.

---------------------------------------------------------X

Index No. 513080/2018

**ORDER TO SHOW CAUSE**

_Com 11_

UPON the annexed Affirmation of Solomon Shemia, affirmed the 30th day of May, 2019, and

all exhibits annexed thereto, the Affirmation of Nicholas Fortuna, Esq., affirmed on the 4th day of

June, 2019, the accompanying Memorandum of Law and Affirmation of Emergency, the proposed

Amended Complaint, and all other papers and proceedings in this action, ~~it is hereby,~~

LET

~~ORDERED, that~~ Defendants E. WORKS LLC ("E. Works"), ANC SALES , INC. ("ANC"),

                                   _Comm. ROOM 541_

and SAM CHERA ("Chera") (collectively, "Defendants") show cause at Part __11__ of the Supreme

Court of the State of New York, held in and for the County of Kings, at the Courthouse located at 360

Adams Street, Brooklyn, New York, 11201 Hon. _Presiding Justice_ presiding, on the __12__ day

of _June_ 2019, at __9:30__ o'clock in the forenoon of that day or as soon thereafter as counsel can

be heard, why an Order should not be entered for a preliminary injunction pursuant to C.P.L.R. §

6301, restraining Defendants from selling Defendants' products until the warranty information for

the products is updated both online and on the product packaging and manual to remove all references

to Element Works USA LLC and any contact information for Shemia, to require Defendants to

provide updated packaging and warranty materials to all resellers, and to require Defendants to notify all customers and resellers who have purchased products from May 1, 2018 to the present that E. Works LLC is the warrantor of the products, and pursuant to C.P.L.R. § 3025, granting Plaintiff leave to serve the proposed Amended Complaint as presented herein, and for other related relief.

**SUFFICIENT CAUSE THEREFOR APPEARING**, it is hereby

**ORDERED** that pending the hearing ~~and determination~~ of this Order to Show Cause, Defendants E. WORKS LLC, ANC SALES , INC., and SAM CHERA are hereby temporarily restrained from selling their products until the warranty information for the products is updated both online and on the on the product packaging and manual to remove all references to Element Works USA LLC and any contact information for Shemia, and requiring Defendants to notify all resellers and customers who have purchased products from May 1, 2018 to the present that E. Works LLC is the warrantor of the products;

LET
~~ORDERED that~~ service of this Order to Show Cause and the accompanying papers shall be made by _Personal Service_ on or before _June 10th_, 2019. on the attorneys for the defendants

SO ORDERED

HON. SYLVIA G. ASH, JSC

Lara J. Genovesi
J.S.
for

# EXHIBIT F

**Sam Chera**

Newegg

---

| | |
|---|---|
| **From:** | Sam Chera |
| **Sent:** | Tuesday, June 11, 2019 3:10 PM |
| **To:** | Gieniemae Oquendo; marketplacesupport@newegg.com |
| **Subject:** | RE: URGENT Change Phone # on Warranty & Returns |
| **Attachments:** | Tech Elements Warranty.pdf; Element Works USA 12 Month Warranty.pdf |

Dear Newegg,

**This is our 3rd request- I emailed on Friday and Gieniemae emailed both on Friday and yesterday.**

We need the contact information to be changed. The phone number should NOT be 646-270-2376. It should be 718-725-7110.

We deleted our listings and loaded 0 inventory- but it is still up via Unbeatablesale.com.

We need this fixed ASAP!

In the meantime, please find the attached updated Brand warranty (Tech Elements). For anyone who purchased before this, attached is the updated Element Works USA warranty.

Please confirm receipt.

Thanks,
Sam

**From:** Gieniemae Oquendo <mae@elementworksusa.com>
**Sent:** Monday, June 10, 2019 12:41 PM
**To:** marketplacesupport@newegg.com
**Cc:** Sam Chera <sam@elementworksusa.com>
**Subject:** FW: Urgent: Change Phone # on Warranty & Returns

Urgent Request: Please see below email.

**From:** Gieniemae Oquendo
**Sent:** Friday, June 7, 2019 1:23 PM
**To:** marketplacesupport@newegg.com
**Cc:** Sam Chera <sam@elementworksusa.com>
**Subject:** Urgent: Change Phone # on Warranty & Returns

Hi Tech Support,

We need to change our Support Phone # on the **Warranty, Returns, and Additional Information** page. The correct phone # is 718-725-7110. Please advise.

- Here is our account #: 43704874

1

Also we deleted all our items on Newegg, but you can still see them when you search "Element Works" because our items are linked to Unbeatable Sales. Can we still update our contact information?

Thank you,

The phone number
Gienie Mae Oquendo
Sales Assistant
Office- 917-717-5079
mae@elementworksusa.com



**Sam Chera**                      *Newegg*

**From:** Gieniemae Oquendo
**Sent:** Friday, June 7, 2019 12:03 PM
**To:** Sam Chera
**Subject:** RE: Was Newegg done?

Yes, it's done. All items have been disabled in Sellercloud and deleted in Newegg. I don't think I can delete the Newegg acct. since I'm not Admin (Steve is the admin).

**From:** Sam Chera <sam@elementworksusa.com>
**Sent:** Friday, June 7, 2019 11:55 AM
**To:** Gieniemae Oquendo <mae@elementworksusa.com>
**Subject:** Was Newegg done?

Sam Chera
President
Office- 718-766-9296
Mobile- 917-225-1098
Sam@elementworksusa.com



1

**Sam Chera**

# Unbeatable sale

| | |
|---|---|
| **From:** | Gieniemae Oquendo |
| **Sent:** | Tuesday, June 11, 2019 5:03 PM |
| **To:** | Fix; 'Maria Laden' |
| **Cc:** | Sam Chera |
| **Subject:** | RE: Dropship Sales - E. Works LLC ID 95997 |

Just to add - since we cannot change our information on Newegg, can you please remove all listings that we are sending to Newegg? Please confirm.

**From:** Gieniemae Oquendo
**Sent:** Tuesday, June 11, 2019 4:58 PM
**To:** Fix <fix@unbeatablesale.com>; 'Maria Laden' <m.laden@unbeatablesale.com>; Sam Chera <sam@elementworksusa.com>
**Subject:** RE: Dropship Sales - E. Works LLC ID 95997

Hello Yisroel,

Thank you for getting back to us with an update.

I just checked Unbeatable and still can see some items under Element Works.  Do we need to wait sometime for the update to reflect on the website?

**From:** Fix <fix@unbeatablesale.com>
**Sent:** Tuesday, June 11, 2019 4:53 PM
**To:** 'Maria Laden' <m.laden@unbeatablesale.com>; Sam Chera <sam@elementworksusa.com>; Gieniemae Oquendo <mae@elementworksusa.com>
**Subject:** RE: Dropship Sales - E. Works LLC ID 95997

Hello,

Updated to Tech Elements.
I do not have easy access to the Newegg portal, sorry.

## Yisroel C. Scharfer / FIX



☐ 732.363.0606 x 808  ☞ 732.363.5666
✉ 195 Lehigh Ave. Suite 5 Lakewood, NJ 08701

**From:** Maria Laden [mailto:m.laden@unbeatablesale.com]
**Sent:** Tuesday, June 11, 2019 3:50 PM
**To:** 'Sam Chera' <sam@elementworksusa.com>; 'Gieniemae Oquendo' <mae@elementworksusa.com>
**Cc:** 'Fix' <fix@unbeatablesale.com>
**Subject:** RE: Dropship Sales - E. Works LLC ID 95997
**Importance:** High

1

Hi Jenny,
It was great speaking with you.

As discussed, I have copied our fix team to address the following 2 high priority issues;

1. Change the brand name from "Element Works" to "Tech Elements" for all items under this account; E. Works LLC ID 95997

2. Newegg has a contact section for each item, and the number below is incorrect. Can we work with Newegg to get that phone number updated? The listing in the link below is ours.

https://www.newegg.com/p/00H-00M3-00013?Description=Element%20Works&cm_re=Element_Works-_-9SIA00Y84X9159-_-Product

- Manufacturer Contact Info
- Website: http://www.elementworksusa.com
- Support Phone: 646-270-2376
- Support Email: cs@elementworksusa.com
- View other products from Element Works

Regards,
Maria Laden
UnbeatableSale.com, Inc.
732-363-0606 ext 190
M.Laden@unbeatablesale.com


**From:** Sam Chera [mailto:sam@elementworksusa.com]
**Sent:** Tuesday, June 11, 2019 2:26 PM
**To:** Gieniemae Oquendo; Maria Laden
**Subject:** RE: Dropship Sales

Maria,

We need all of our items deleted from Newegg.

We've been trying to change the warranty for a few days and nobody is answering.

Can you please delete it?

If not, we will continue marking everything as sold out as soon as it is fixed.

Thank you,
Sam

**From:** Gieniemae Oquendo <mae@elementworksusa.com>
**Sent:** Monday, June 10, 2019 1:35 PM
**To:** Maria Laden <m.laden@unbeatablesale.com>
**Cc:** Sam Chera <sam@elementworksusa.com>
**Subject:** RE: Dropship Sales

Hi Maria,

It's great to connect with you!

We wanted to follow-up about updating our brand name on Unbeatable Sales website.

We would like to change any items with a brand name "Element Works" to "Tech Elements". Please refer to the link below to see all the items we need to rebrand on Unbeatable Sales website.

https://www.unbeatablesale.com/lsearch.jhtm?keywords=Element+Works+

In addition, we would like to change our warranty. Please see attached file a copy of "Tech Elements Warranty". Can you please use/upload this warranty right after updating the brand name?

Please advise and let me know if you have any questions.

Thank you for your help.


**From:** Maria Laden <m.laden@unbeatablesale.com>
**Sent:** Thursday, June 6, 2019 11:11 AM
**To:** Gieniemae Oquendo <mae@elementworksusa.com>
**Subject:** Dropship Sales

Hi there!
It's been a while since we connected, and I wanted to see if the timing is right to get started with our dropship program?

We will need:

- Product information in a spread sheet format (sample attached),
- Image to match each Sku (we can use any image file),
- Attached vendor set up sheet completed and emailed back to me.

Hope to hear from you soon!

**Regards,**
**Maria Laden**
UnbeatableSale.com, Inc.
195 Lehigh Ave, Suite 5
Lakewood, NJ 08701
732-363-0606 Ext 190
www.unbeatablesale.com
M.Laden@unbeatablesale.com

# Warehouse

**Sam Chera**

| | |
|---|---|
| **From:** | Eli Hami <eli@wpfulfillment.com> |
| **Sent:** | Tuesday, June 11, 2019 2:08 PM |
| **To:** | Sam Chera |
| **Subject:** | Re: Element Works Orders |

Noted. thank you

Eli Hami
WP Fulfillment
Direct: 310.927.4662

Vernon Location:
4567 Maywood Ave
Vernon, CA 90058

Commerce Location:
6050 Rickenbacker rd.
Commerce, CA 90040

On Tue, Jun 11, 2019 at 10:39 AM Sam Chera <sam@elementworksusa.com> wrote:

Hi Eli,

Per our correspondence, please do not ship any open Element Works orders until further notice.

I will let you know if/when anything changes.

Thanks,

Sam

**From:** Eli Hami <eli@wpfulfillment.com>
**Sent:** Friday, June 7, 2019 4:15 PM
**To:** Sam Chera <sam@elementworksusa.com>
**Subject:** Re: Element Works Orders

1

Hi Sam,

Just got this email ....We wont process any e. works until we get the OK from you


thank you




Eli Hami

WP Fulfillment

Direct: 310.927.4662


Vernon Location:

4567 Maywood Ave

Vernon, CA 90058


Commerce Location:

6050 Rickenbacker rd.

Commerce, CA 90040



On Fri, Jun 7, 2019 at 1:00 PM Sam Chera <sam@elementworksusa.com> wrote:

Hi Eli,

Please do not ship any open Element Works orders that come in starting now.

We need to wait until Wednesday to decide whether or not we can fulfill those orders.

2

For now, please hold them and do not ship.

Thank you,

Sam Chera
President
Office- 718-766-9296
Mobile- 917-225-1098
Sam@elementworksusa.com<mailto:Sam@elementworksusa.com>
[cid:image003.jpg@01D0F3D0.5E2B7D80]

# Subject: RE: Element Works Orders

**Sam Chera** <sam@elementworksusa.com>                                     Wed, Jun 12, 2:39
to Eli Hami, Gieniemae Oquendo

> **You are viewing an attached message.** Gmail can't verify the authenticity of attached messages.

Hi Eli,

Please see below list.

After checking, these are the ones that have the non-updated warranty. Please see below instructions and confirm

EW-AWST1 under Element Works Brand (some are under Tech Elements)- please remove the manual with the warranty info.
EW-AWST2- please remove the manual with the warranty info.
EW-AWST3-SV- please remove the manual with the warranty info. You should continue to include the troubleshoo card as that doesn't list warranty.
EW-VRHT1 & EW-VRHT2- please remove the manual with warranty info.
EW-AWPB1- please cut the last page of warranty and remove. The rest of the manual is okay.
EW-AWPB2- please cut the last page of warranty and remove. The rest of the manual is okay.
EW-6PCC1- please cut the last page of warranty and remove. The rest of the manual is okay.
EW-CC4P1- please remove the manual with warranty info.
EW-GPSK1- please cut the last page of warranty and remove. The rest of the manual is okay.
EW-360C1- please cut the last page of warranty and remove. The rest of the manual is okay.
EW-4KAC1- please cut the last page of warranty and remove. The rest of the manual is okay.
EW-USB4- please remove the manual with warranty info.
EW-CMT01/02/03/04- please remove the manual with warranty info.
EW-PBWC1- please cut the last page of warranty and remove. The rest of the manual is okay.
EW-AW2SSB- are you able to cut off the bottom of page? It isn't warranty but it is better to take it out if possible.
EW-AWSSB- same as above.

Let me know if you have any questions.

Thanks,
Sam
**From:** Eli Hami <eli@wpfulfillment.com>
**Sent:** Tuesday, June 11, 2019 2:08 PM
**To:** Sam Chera <sam@elementworksusa.com>
**Subject:** Re: Element Works Orders

Noted. thank you


Eli Hami
WP Fulfillment
Direct: 310.927.4662

*zulily*

**Sam Chera**

| | |
|---|---|
| **From:** | Sam Chera |
| **Sent:** | Tuesday, June 11, 2019 3:12 PM |
| **To:** | Kristi Day; Cassie Watroba |
| **Cc:** | Jessica Jaeger |
| **Subject:** | RE: Change Brand Online |
| **Attachments:** | Tech Elements Warranty.pdf |

Hi Kristi,

Thanks for doing this so quickly on Friday.

Please see attached for the warranty info for Tech Elements.

Thanks,
Sam

**From:** Kristi Day <kday@zulily.com>
**Sent:** Friday, June 7, 2019 4:13 PM
**To:** Sam Chera <sam@elementworksusa.com>; Cassie Watroba <cwatroba@zulily.com>
**Cc:** Jessica Jaeger <jjaeger@zulily.com>
**Subject:** RE: Change Brand Online

Hi Sam,
This is done!
Have a good weekend!

Thanks,

*zulily*

**KRISTI DAY**
Assistant Buyer – Consumer Electronics
614-604-6850 ex. 6381

800 Tech Center Drive
Gahanna, OH 43230
**zulily.com**

**From:** Sam Chera <sam@elementworksusa.com>
**Sent:** Friday, June 7, 2019 4:03 PM
**To:** Cassie Watroba <cwatroba@zulily.com>
**Cc:** Kristi Day <kday@zulily.com>; Jessica Jaeger <jjaeger@zulily.com>
**Subject:** Change Brand Online

Hi Cassie,

1

I need your help with something please.

Can you please change the brand name from "Element Works" to "Tech Elements" online on our flash sales? We'll need to do this until further notice.

Please change this in the current apple watch band event, and the Tech event starting on Sunday.

Thank you,

Sam Chera
President
Office- 718-766-9296
Mobile- 917-225-1098
Sam@elementworksusa.com



**Sam Chera**                      Walmart/other

| | |
|---|---|
| **From:** | Sam Chera |
| **Sent:** | Friday, June 7, 2019 4:33 PM |
| **To:** | Gieniemae Oquendo |
| **Subject:** | Element Works |

Hi Gieniemae,

Per our conversation:

- Please remove all Unbeatablesale listings- since they are selling on Newegg with the wrong phone number attached to it.
- Newegg listings should have been deleted this morning.
- Please change all "Element Works" items to "Tech Elements" on Walmart.
- Please change all "Element Works" items to "Tech Elements" on Bed Bath and Beyond- please email them.
- I emailed Groupon to change the brand.
- I emailed Zulily to change the brand.

That should cover everybody that is selling Element Works.

Please confirm.

Thank you,

Sam Chera
President
Office- 718-766-9296
Mobile- 917-225-1098
Sam@elementworksusa.com





**Sam Chera**

| | |
|---|---|
| **From:** | Gieniemae Oquendo |
| **Sent:** | Tuesday, June 11, 2019 3:28 PM |
| **To:** | Sam Chera |
| **Subject:** | Walmart Catalog - Brand Name Has Been Changed |
| **Attachments:** | Walmart Catalog 06.11.19.xlsx |

Hi Sam,

Please see attached an updated Walmart Catalog. The brand name has been changed from "Element Works" to "Tech Elements".

You can also download this catalog from the Walmart Portal.

*Please allow 48 hours for the update to reflect on the website.

Thank you,

Gienie Mae Oquendo
Sales Assistant
Office- 917-717-5079
mae@elementworksusa.com



1

*Walmart*

**Sam Chera**

| | |
|---|---|
| **From:** | Gieniemae Oquendo |
| **Sent:** | Tuesday, June 11, 2019 3:22 PM |
| **To:** | Sam Chera |
| **Subject:** | FW: We've received your case #00448351!   [ ref:_00D61ZKTc._5004MYZhNa:ref ] |

See below in yellow highlight.

**From:** Walmart Partner Support <partnerhelp@wal-mart.com>
**Sent:** Monday, June 10, 2019 3:07 PM
**To:** Gieniemae Oquendo
**Subject:** RE: We've received your case #00448351! [ ref:_00D61ZKTc._5004MYZhNa:ref ]

Hi Gieniemae,

Thank you for reaching out to Partner Support!

To update your items in bulk, you will need to download the spec sheet from the Seller Center to make any updates you feel necessary. All required fields on the spec sheet do need to be filled out in order for the system to accept the changes.

As with any item updates, please allow 48 hours for the feed to process successfully and reflect on the site.

Best,

Charae
Walmart Partner Support

-------------- Original Message --------------
**From:** Walmart Marketplace Support [sellercareteam@walmart.com]
**Sent:** 6/10/2019 11:54 AM
**To:** mae@elementworksusa.com
**Subject:** We've received your case #00448351!

Hello Gieniemae Oquendo,

Thank you for contacting Walmart.com Partner Support!

We received your request and your case # is 00448351.  Be on the lookout for an email from one of our support specialists who will be happy to research your inquiry and assist you within the next 24 business hours.  In the meantime you can always add more information by replying to this email or viewing your case information here.

Thank you for your partnership,
Walmart.com Partner Support

GROUPON

**Sam Chera**

| | |
|---|---|
| **From:** | Christina Goodrich <cgoodrich@groupon.com> |
| **Sent:** | Monday, June 10, 2019 1:58 PM |
| **To:** | Sam Chera |
| **Cc:** | Sydney Morris; Taylor Suglia |
| **Subject:** | Re: Brand Change |

Editorial went and fixed the titles on the deal pages. However they are unable to update the permalink titles so hopefully that is not a problem for you. Also please let us know if you are able to update brand in GW for all your deals.

thanks!

On Fri, Jun 7, 2019 at 7:01 PM Christina Goodrich <cgoodrich@groupon.com> wrote:
A ticket is in to Editorial to get the titles on site updated. Sam, are you able to update the brand on all these deals on your end?

Thanks!

On Fri, Jun 7, 2019 at 3:15 PM Sam Chera <sam@elementworksusa.com> wrote:

Hi Christina,


We need to change our brand online ASAP please.


Can you please change the brand from "Element Works" to "Tech Elements" on the following deals?


gg-cm-element-works-apple-certified-braided-lightning-cables-6-ft-10-ft

gg-cm-element-works-40-watt-6-port-charging-stand

gg-dual-2-in-1-charging-stand

gg-element-works-portable-battery-and-charger-for-apple-watch

gg-cm-element-works-aluminum-bumper-cases-for-apple-watch-series-1-2-3-in-packs

gg-cm-stainless-steel-band-with-clasp

gg-cm-apple-certified-dual-wireless-charger-for-smartphone-apple-watch-with-usb

gg-cm-printed-silicone-bands-for-apple-watch

gg-cm-element-works-charging-stand-and-keychain-battery-bundle

gg-cm-element-works-fast-wireless-charging-pad-for-qi-compatible-devices-1

gg-cm-element-works-apple-certified-stainless-steel-6ft-lightning-charge-sync-cable

gg-cm-apple-certified-1-5m-braided-charging-cable-bundles-for-apple-watch

gg-cm-element-works-apple-certified-braided-charging-cables-for-apple-watch

gg-cm-element-works-apple-certified-braided-charging-cables-for-iphones-apple-watch

gg-cm-tempered-glass-screen-protectors-for-iphone

gg-cm-element-works-macbook-hardshell-protective-case-with-printed-design

gg-cm-element-works-macbook-hardshell-protective-case-with-marble-design

gg-cm-cd-slot-car-mount-for-smartphones

gg-cm-virtual-reality-headset-fully-adjustable-vr-glasses

gg-cm-4-port-usb-wall-charger

gg-cm-tech-elements-apple-certified-dual-charger-for-apple-watch-iphone-power-bank

gg-cm-element-works-4k-action-camera-bundle

gg-cm-car-mount-smartphone-holder

gg-cm-element-works-qi-wireless-charging-5-200-mah-portable-backup-battery-1

gg-cm-element-works-360-degree-panoramic-action-camera-bundle

gg-cm-element-works-rhinestone-fitbit-replacement-band-for-charge-2

Sam Chera

President

Office- 718-766-9296

Mobile- 917-225-1098

Sam@elementworksusa.com



**Sam Chera**                    GROUPON

| | |
|---|---|
| **From:** | Sam Chera |
| **Sent:** | Tuesday, June 11, 2019 6:02 PM |
| **To:** | Taylor Suglia |
| **Cc:** | Christina Goodrich; Sydney Morris |
| **Subject:** | RE: Brand Change |

Hey Taylor,

Yes- that is correct!

I will check in tomorrow if there are any updates- but this is how it needs to be for now.

Thanks,
Sam

**From:** Taylor Suglia <tsuglia@groupon.com>
**Sent:** Tuesday, June 11, 2019 3:10 PM
**To:** Sam Chera <sam@elementworksusa.com>
**Cc:** Christina Goodrich <cgoodrich@groupon.com>; Sydney Morris <symorris@groupon.com>
**Subject:** Re: Brand Change

Hey Sam,
I just want to confirm that all of the below deals that you sent over should have the new TECH ELEMENTS warranty on them, correct? The Element Works warranty is just an FYI for customers/customer service for people that previously purchased the item, correct? Thanks for the clarification

On Tue, Jun 11, 2019 at 2:06 PM Sam Chera <sam@elementworksusa.com> wrote:

Hey Taylor,


Thanks for your assistance.


**Tech Elements-** please use the attached updated warranty for now for these deals that have Element Works currently (We added the address and more information). This should be the showed online and the customer will have this as the warranty provider.


**Element Works USA LLC, a New Jersey Limited Liability Company-** For all customers that purchased "Element Works" products prior to the change, please see attached updated warranty which is more specific. The warranty is covered by Element Works USA LLC, a New Jersey Limited Liability company. Details for the company can be found on the attached.

I took a close look at all deals- new and old. We are unable to change the warranty on the following permalinks- the brand seems to be changed but not the warranty. Can you please help to change the warranty on all??


*gg-cm-element-works-apple-certified-braided-lightning-cables-6-ft-10-ft*

*gg-cm-element-works-40-watt-6-port-charging-stand*

*gg-aluminum-charging-stand-for-apple-watch*

*gg-cm-tempered-glass-screen-protectors-for-iphone*

*gg-cm-stainless-steel-apple-watch-band-with-rhinestones*

*gg-cm-chicken-wood-fashion-band-for-apple-watch-series-1-2-3-4*

*gg-cm-stainless-steel-milanese-bands-for-fitbit-versa*

*gg-cm-milianese-loop-stainless-steel-bands-for-fitbit-ionic*

*gg-cm-soft-flexible-adjustable-breathable-hypoallergenic-and-nickel*

*gg-cm-gemstone-fashion-strap-band-for-apple-watch-series-1-2-3-4*

*gg-cm-stainless-steel-mesh-replacement-band-for-apple-watch-with-buckle*

*gg-cm-painted-ceramic-beads-fashion-bracelet-band-for-apple-watch-series-1-2-3-4*

*gg-cm-beaded-agate-fashion-bracelet-band-for-apple-watch-series-1-2-3-4*

*gg-cm-fitbit-blaze-silicone-bands-with-silver-frame-by-element-works-small-large*

*gg-cm-small-large-leather-band-for-fitbit-blaze-with-silver-frame*

*gg-cm-stainless-steel-band-with-frame-for-fitbit-blaze*

*gg-cm-element-works-apple-watch-accessory-kit*

*gg-cm-milanese-loop-stainless-steel-band-for-apple-watch-series-1-2-38mm-1*

*gg-cm-element-works-apple-certified-stainless-steel-6ft-lightning-charge-sync-cable- brand on this was changed but it still says Element Works on the site.*

*gg-cm-silicone-bands-for-fitbit-versa*

*gg-cm-element-works-apple-certified-braided-charging-cables-for-iphones-apple-watch*

*gg-cm-silicone-replacement-band-with-frame-for-fitbit-blaze*

*gg-cm-car-mount-smartphone-holder*

*gg-cm-apple-certified-1-5m-braided-charging-cable-bundles-for-apple-watch*

*gg-cm-apple-watch-portable-backup-battery-and-charger-1*

*gg-cm-cd-slot-car-mount-for-smartphones*

*gg-cm-stainless-steel-mesh-magnetic-adjustable-band-for-apple-watch-38mm-42mm*

*gg-cm-silicone-band-for-fitbit-alta-alta-hr*

*gg-cm-element-works-macbook-hardshell-protective-case-with-marble-design*

*gg-cm-apple-certified-dual-wireless-charger-for-smartphone-apple-watch-with-usb*

*gg-cm-element-works-charging-stand-and-keychain-battery-bundle*

*gg-cm-4-port-usb-wall-charger*

*gg-cm-tech-elements-apple-certified-dual-charger-for-apple-watch-iphone-power-bank*

*gg-cm-apple-certified-1-5m-braided-charging-cable-bundles-for-apple-watch*

*gg-cm-element-works-4k-action-camera-bundle*

*gg-cm-element-works-qi-wireless-charging-5-200-mah-portable-backup-battery-1*

*gg-cm-element-works-apple-certified-braided-charging-cables-for-apple-watch*

*gg-cm-element-works-360-degree-panoramic-action-camera-bundle*

*gg-cm-element-works-rhinestone-fitbit-replacement-band-for-charge-2*

*gg-cm-element-works-apple-certified-braided-charging-cables-for-iphones-apple-watch*

Thanks,

Sam

**From:** Taylor Suglia <tsuglia@groupon.com>
**Sent:** Tuesday, June 11, 2019 1:21 PM
**To:** Sam Chera <sam@elementworksusa.com>
**Cc:** Christina Goodrich <cgoodrich@groupon.com>; Sydney Morris <symorris@groupon.com>
**Subject:** Re: Brand Change


Hey Sam,

I am putting in a ticket right now to get the warranty changed out on these deals. Can you advise, do you have a list of deals you were unable to change the brand on? I am assuming that the deals that have a contract on them are the ones having the issue, so we may be able to solve for those. Thanks

3

On Tue, Jun 11, 2019 at 10:27 AM Sam Chera <sam@elementworksusa.com> wrote:

Hi Christina,

Thanks for your help and changing the brand on these deals.

I noticed that the following deals say that the warranty is by "Tech Elements" or "Tech Elements USA"- but when you click in, it still has the Element Works USA warranty.

Therefore, can you please make a ticket to change the warranty to the attached Tech Elements warranty on the following permalinks?

gg-cm-element-works-apple-certified-braided-lightning-cables-6-ft-10-ft

gg-cm-element-works-40-watt-6-port-charging-stand

gg-cm-tempered-glass-screen-protectors-for-iphone

gg-cm-element-works-macbook-hardshell-protective-case-with-marble-design

gg-cm-apple-certified-dual-wireless-charger-for-smartphone-apple-watch-with-usb

gg-cm-cd-slot-car-mount-for-smartphones

gg-cm-element-works-charging-stand-and-keychain-battery-bundle

gg-cm-4-port-usb-wall-charger

gg-cm-tech-elements-apple-certified-dual-charger-for-apple-watch-iphone-power-bank

gg-cm-apple-certified-1-5m-braided-charging-cable-bundles-for-apple-watch

gg-cm-element-works-4k-action-camera-bundle

gg-cm-car-mount-smartphone-holder

gg-cm-element-works-qi-wireless-charging-5-200-mah-portable-backup-battery-1

gg-cm-element-works-apple-certified-braided-charging-cables-for-apple-watch

gg-cm-element-works-360-degree-panoramic-action-camera-bundle

gg-cm-element-works-rhinestone-fitbit-replacement-band-for-charge-2

gg-cm-element-works-apple-certified-braided-charging-cables-for-iphones-apple-watch

we were able to change the brand on Gateway for some- but it wouldn't save for others.

Thanks Christina!

Thanks,

Sam

**From:** Christina Goodrich <cgoodrich@groupon.com>
**Sent:** Monday, June 10, 2019 1:58 PM
**To:** Sam Chera <sam@elementworksusa.com>
**Cc:** Sydney Morris <symorris@groupon.com>; Taylor Suglia <tsuglia@groupon.com>
**Subject:** Re: Brand Change

Editorial went and fixed the titles on the deal pages. However they are unable to update the permalink titles so hopefully that is not a problem for you. Also please let us know if you are able to update brand in GW for all your deals.

thanks!

On Fri, Jun 7, 2019 at 7:01 PM Christina Goodrich <cgoodrich@groupon.com> wrote:

A ticket is in to Editorial to get the titles on site updated. Sam, are you able to update the brand on all these deals on your end?

Thanks!

On Fri, Jun 7, 2019 at 3:15 PM Sam Chera <sam@elementworksusa.com> wrote:

Hi Christina,

We need to change our brand online ASAP please.

Can you please change the brand from "Element Works" to "Tech Elements" on the following deals?

gg-cm-element-works-apple-certified-braided-lightning-cables-6-ft-10-ft

gg-cm-element-works-40-watt-6-port-charging-stand

gg-dual-2-in-1-charging-stand

gg-element-works-portable-battery-and-charger-for-apple-watch

gg-cm-element-works-aluminum-bumper-cases-for-apple-watch-series-1-2-3-in-packs

gg-cm-stainless-steel-band-with-clasp

gg-cm-apple-certified-dual-wireless-charger-for-smartphone-apple-watch-with-usb

gg-cm-printed-silicone-bands-for-apple-watch

gg-cm-element-works-charging-stand-and-keychain-battery-bundle

gg-cm-element-works-fast-wireless-charging-pad-for-qi-compatible-devices-1

gg-cm-element-works-apple-certified-stainless-steel-6ft-lightning-charge-sync-cable

gg-cm-apple-certified-1-5m-braided-charging-cable-bundles-for-apple-watch

gg-cm-element-works-apple-certified-braided-charging-cables-for-apple-watch

gg-cm-element-works-apple-certified-braided-charging-cables-for-iphones-apple-watch

gg-cm-tempered-glass-screen-protectors-for-iphone

gg-cm-element-works-macbook-hardshell-protective-case-with-printed-design

gg-cm-element-works-macbook-hardshell-protective-case-with-marble-design

gg-cm-cd-slot-car-mount-for-smartphones

gg-cm-virtual-reality-headset-fully-adjustable-vr-glasses

gg-cm-4-port-usb-wall-charger

gg-cm-tech-elements-apple-certified-dual-charger-for-apple-watch-iphone-power-bank

gg-cm-element-works-4k-action-camera-bundle

gg-cm-car-mount-smartphone-holder

gg-cm-element-works-qi-wireless-charging-5-200-mah-portable-backup-battery-1

gg-cm-element-works-360-degree-panoramic-action-camera-bundle

gg-cm-element-works-rhinestone-fitbit-replacement-band-for-charge-2

Sam Chera

President

Office- 718-766-9296

Mobile- 917-225-1098

Sam@elementworksusa.com



--

Christina Goodrich
**Senior Buyer - Mobile , Camera & Car Electronics||GROUPON Goods**

**312-334-1710**

\* \* \* \* \*

**Please send samples to::**

Groupon Mail Room

ATTN: Dwayne Pickett

ATTN: Christina Goodrich

600 W Chicago Ave - #400
Chicago IL 60654

**Sam Chera**     *Bed Bath*

| | |
|---|---|
| **From:** | Gieniemae Oquendo |
| **Sent:** | Monday, June 10, 2019 8:11 AM |
| **To:** | Sam Chera |
| **Subject:** | Fwd: Urgent: We need to change brand name ASAP |

Hi Sam,

Can you provide me the buyer's email address/phone number?

Thank you,

Gieniemae Oquendo

---

**From:** Iliana Ortiz <iliana.ortiz@bedbath.com>
**Sent:** Monday, June 10, 2019 7:13 AM
**To:** Gieniemae Oquendo; Rosalind Randolph; Andrea Viera
**Cc:** Sam Chera
**Subject:** RE: Urgent: We need to change brand name ASAP

Hello Gienie,

You would need to reach out to your buyers to have this updated.

Iliana Ortiz
Bed Bath & Beyond
vOps- VDC Performance Supervisor
973-339-2539

**From:** Gieniemae Oquendo <mae@elementworksusa.com>
**Sent:** Friday, June 07, 2019 4:34 PM
**To:** Iliana Ortiz <Iliana.Ortiz@bedbath.com>; Rosalind Randolph <Rosalind.Randolph@bedbath.com>; Andrea Viera
<Andrea.Viera@bedbath.com>
**Cc:** Sam Chera <sam@elementworksusa.com>
**Subject:** Urgent: We need to change brand name ASAP

Hello Andrea, Rosalind, Iliana,

We have an urgent request.  Can you please change our brand name from Element Works to **Tech Elements?**

All our Element Works items should be under the brand Tech Elements.

And we should be able to search our items under Tech Elements on BBB website.

Please refer to the below link all the items we need to rebrand:
https://www.bedbathandbeyond.com/store/brand/element-works/7282?ta=typeahead&SearchTerm=Element

1

Please advise and confirm receipt of this email.

Thank you,

Gienie Mae Oquendo
Sales Assistant
Office- 917-717-5079
mae@elementworksusa.com



**Sam Chera**

*Bed Bath*

| | |
|---|---|
| **From:** | Gieniemae Oquendo |
| **Sent:** | Tuesday, June 11, 2019 4:42 PM |
| **To:** | Iliana.Ortiz@bedbath.com; Rosalind.Randolph@bedbath.com; Andrea.Viera@bedbath.com |
| **Cc:** | Sam Chera |
| **Subject:** | FW: Urgent: Brand Name Change |

Hello BBB team,

For your reference, we tried contacting our buyer (Michelle) in order to change our brand name, but her email has stopped working.

Are we allowed to update our product information in the CHUB portal? And can we do bulk update since we have over 300 active listings (it's a lot work if we do it one by one)?

Please advise. It's really important that we change our brand name today.

Thank you,

**From:** Microsoft Outlook <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@NETORGFT3741061.onmicrosoft.com>
**Sent:** Tuesday, June 11, 2019 4:16 PM
**To:** Gieniemae Oquendo
**Subject:** Undeliverable: Urgent: Brand Name Change

Your message to Michelle.Donohue@bedbath.com couldn't be delivered.

# Michelle.Donohue wasn't found at bedbath.com, or the mailbox is unavailable.

| **mae** | **Office 365** | **Michelle.Donohue** |
|---|---|---|
| **Action Required** | | Recipient |

Unknown To address

## How to Fix It
The email address might be misspelled or it might not exist. Try one or more of the following:

- **Retype the recipient's address, then resend the message -** If you're using Outlook, open this non-delivery report message and click **Send Again** from the menu or ribbon. In Outlook on the web,

1

select this message, and then click the "**To send this message again, click here.**" link located just above the message preview window. In the To or Cc line, delete and then retype the entire recipient's address (ignore any address suggestions). After typing the complete address, click **Send** to resend the message. If you're using an email program other than Outlook or Outlook on the web, follow its standard way for resending a message. Just be sure to delete and retype the recipient's entire address before resending it.

- **Remove the recipient from the recipient Auto-Complete List, then resend the message -** If you're using Outlook or Outlook on the web, follow the steps in the "Remove the recipient from the recipient Auto-Complete List" section of this article. Then resend the message. Be sure to delete and retype the recipient's entire address before clicking **Send**.
- **Contact the recipient by some other means,** (by phone, for example) to confirm you're using the right address. Ask them if they've set up an email forwarding rule that could be forwarding your message to an incorrect address.

If the problem continues, forward this message to your email admin. If you're an email admin, refer to the **More Info for Email Admins** section below.

*Was this helpful? Send feedback to Microsoft.*

## More Info for Email Admins
*Status code: 550 5.1.351*

When Office 365 tried to send the message, the external email server returned an error stating that the recipient is unknown or the mailbox is unavailable. This error was reported by an email server outside Office 365.

**If you or the sender can't fix the problem, contact the responsible party's email admin -** Give them the error code and error message from this non-delivery report (NDR) to help them troubleshoot the issue. To determine who the responsible party might be, check the error for information about where the problem is happening. For example, look for a domain name like contoso.com. A domain name in the error might suggest who is responsible for the error. It could be the recipient's email server, or it could be a third-party service that your organization or the recipient's organization is using to process or filter email messages.

Although the sender might be able to fix the issue by correcting the recipient address, it's likely that only the recipient's email admin can fix the problem. Unfortunately, it's

unlikely Office 365 Support will be able to help with these kinds of externally reported errors.

## Original Message Details

| | |
|---|---|
| Created Date: | 6/11/2019 8:15:58 PM |
| Sender Address: | mae@elementworksusa.com |
| Recipient Address: | Michelle.Donohue@bedbath.com |
| Subject: | Urgent: Brand Name Change |

## Error Details

| | |
|---|---|
| Reported error: | *550 5.1.351 Remote server returned unknown recipient or mailbox unavailable -> 550 No such user (Michelle.Donohue@bedbath.com)* |
| DSN generated by: | BN6PR22MB0274.namprd22.prod.outlook.com |
| Remote server: | mail4.bedbath.com |

## Message Hops

| HOP | TIME (UTC) | FROM | TO | WITH |
|---|---|---|---|---|
| 1 | 6/11/2019 8:15:58 PM | BN6PR22MB0100.namprd22.prod.outlook.com | BN6PR22MB0100.namprd22.prod.outlook.com | mapi |
| 2 | 6/11/2019 8:15:58 PM | BN6PR22MB0100.namprd22.prod.outlook.com | BN6PR22MB0274.namprd22.prod.outlook.com | Microsoft SMTP Se cipher=TLS_ECDHE |

## Original Message Headers

```
DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed;
 d=NETORGFT3741061.onmicrosoft.com;
 s=selector1-NETORGFT3741061-onmicrosoft-com;
 h=From:Date:Subject:Message-ID:Content-Type:MIME-Version:X-MS-Exchange-SenderADCheck;
 bh=3AeoFRwCflL8+M9GqLggGEhnsx2YKN4Kct+FFhBk3jE=;

b=BJLxtrf0dgl/RJXo7zYJMhqlabeWPX9AiIv1su2YQtA+6IF8Kez1j3WVPX5IIarFCAQbU4RB4PTShfXu75Vknss
gNVuTA6/sOeQoRbnR9ZgMFszITY+2aE72MQaZ7xF+ZNveK+jrlm9j+ST0B8PFHMWwKY6fD5ncTCtg2L/J7Yw=
Received: from BN6PR22MB0100.namprd22.prod.outlook.com (10.173.21.135) by
 BN6PR22MB0274.namprd22.prod.outlook.com (10.173.205.150) with Microsoft SMTP
 Server (version=TLS1_2, cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id
 15.20.1965.14; Tue, 11 Jun 2019 20:15:58 +0000
Received: from BN6PR22MB0100.namprd22.prod.outlook.com
 ([fe80::10d6:6239:7376:1c8]) by BN6PR22MB0100.namprd22.prod.outlook.com
 ([fe80::10d6:6239:7376:1c8%10]) with mapi id 15.20.1965.017; Tue, 11 Jun 2019
 20:15:58 +0000
From: Gieniemae Oquendo <mae@elementworksusa.com>
To: "Michelle.Donohue@bedbath.com" <Michelle.Donohue@bedbath.com>
CC: 'Alison McHugh' <ceam@groupon.com>
Subject: Urgent: Brand Name Change
Thread-Topic: Urgent: Brand Name Change
```

# EXHIBIT G

# TECH ELEMENTS

Tech Elements products are warranted from defects in materials, workmanship, and malfunction under normal use for a period of 12 months from the date of purchase. During the warranty period, Tech Elements will repair or replace, at no charge, products that prove defective because of improper material or workmanship under normal use and maintenance. This policy provides for a one time replacement.

It is required that you include a valid proof of purchase (e.g. store receipt) with the product for proper warranty consideration.

Please email us at cs@Tech-Elements.com to resolve any issues. We will get back to you by email or phone.



**Element Works USA, LLC a New Jersey Limited Liability Company**

1314 Main Street

Belmar, New Jersey, 07719-0771

CS@ElementWorksUsa.com

Element Works USA products are warranted from defects in materials, workmanship, and malfunction under normal use for a period of 12 months from the date of purchase. During the warranty period, Element Works USA will repair or replace, at no charge, products that prove defective because of improper material or workmanship under normal use and maintenance. This policy provides for a one time replacement.

It is required that you include a valid proof of purchase (e.g. store receipt) with the product for proper warranty consideration.

Please email us at cs@elementworksusa.com to resolve any issues. We will get back to you by email or phone.

# EXHIBIT H

Case 2:19-cv-05268-ENV-SJB    Document 1-1    Filed 09/16/19    Page 83 of 97 PageID #: 99

 

GROUPON Goods

sam@elementworksusa.com ?

## Order Details

| | |
|---|---|
| Vendor Name | E WORKS LLC |
| Customer # | N/A |
| Order # | GG-XHMY-6KLX-2H41-6LLG |
| Shopping Cart ID | N/A |
| GG Order Date | 10/06/2019 |
| CI Order Date | 11/06/2019 |
| Due On | 06/11/2019 19:00 |

## Bill To

| | |
|---|---|
| Name | Ron Fuchs |
| Address | 280 N BEDFORD RD STE 204 |
| Address2 | N/A |
| City | MOUNT KISCO |
| State | NY |
| Country | US |
| Postal Code | 10549-1147 |

## Ship To

| | |
|---|---|
| Name | Ron Fuchs |
| Address | 280 N BEDFORD RD STE 204 |
| Address2 | N/A |
| City | MOUNT KISCO |
| State | NY |
| Country | US |
| Postal Code | 10549-1147 |
| Ship Phone | N/A |

Export Packing Slip

## Line Items

| CI Line Item # | Line Item # | Voucher Code | Status | Cancel Reason Code | Vendor SKU | Channel SKU | Product Name | Groupon Cost | Ordered Qty. | Shipped Qty. | ACTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 415090579 | 331045677 | N/A | Shipped | | 615867833366 | | Dual 2 in 1 Charging Stand for Apple Watch and Smartphones Black Single | 11.50 | 1 | 1 | N/A |

## Shipping Details

| CI Line Item # | Line Item # | Carrier | Tracking Number | Shipped Qty. | Added On | Status |
|---|---|---|---|---|---|---|
| 415090579 | 331045677 | FedEx | 787847986490 | 1 | 12/06/2019 | Approved |

# EXHIBIT I

 

| | |
|---|---|
| Dashboard | |
| Orders | |
| Reports | |
| Exports/Imports | |
| Account Settings | |
| Activity List | |
| Deal List | |
| Product Catalog | |
| Purchase Orders / Consignment Orders | |
| Remittance Center | |
| Return Orders | |

### Order Details

| | |
|---|---|
| Vendor Name | E WORKS LLC |
| Customer # | N/A |
| Order # | GG-3GYS-KFYM-2WR7-P6JB |
| Shopping Cart ID | N/A |
| GG Order Date | 13/06/2019 |
| CI Order Date | 13/06/2019 |
| Due On | 06/14/2019 19:00 |

### Bill To

| | |
|---|---|
| Name | ron fuchs |
| Address | 3169 Bedford Ave |
| Address2 | N/A |
| City | BROOKLYN |
| State | NY |
| Country | US |
| Postal Code | 11210 |

### Ship To

| | |
|---|---|
| Name | ron fuchs |
| Address | 6520 New Utrecht Ave |
| Address2 | N/A |
| City | Brooklyn |
| State | NY |
| Country | US |
| Postal Code | 11219-5725 |
| Ship Phone | N/A |

Export Packing Slip

### Line Items

| CI Line Item # | Line Item # | Voucher Code | Status | Cancel Reason Code | Vendor SKU | Channel SKU | Product Name | Groupon Cost | Ordered Qty. | Shipped Qty. | ACTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 415331614 | 331345315 | N/A | Cancelled | Vendor Shortage | 045933993913 | | Element Works 4K Action Camera Bundle Black | 21.50 | 1 | 0 | N/A |

# EXHIBIT J

July 10, 2019

**VIA EMAIL**
WP FULFILLMENT INC
Eli Hami
4567 MAYWOOD AVE
VERNON, CA 90058

> Re:   **Cease & Desist**
>         **Element Works - Temporary Restraining Order**

Dear Sir or Madam:

Your company is shipping products that wrongfully list Element Works as warrantor of those products in its packaging, that wrongfully use the name Element Works on their packaging and branding and wrongfully advertise products under the name Element Works in the listings. The products you are shipping that contain this false information are made by Mobile Tech Works Inc. doing business as Tech Elements also known as E. Works LLC.

I am the CEO of Element Works. There is an action pending in the New York State Supreme Court, Kings County, captioned *Solomon Shemia v. E. Works LLC et. al*, Index No. 513080/2018. One of the issues raised in this action is that the Defendants, E. Works LLC, ANC Sales, Inc., and Sam Chera ("Defendants") are using the business name Element Works, a corporation which is owned by me, the plaintiff in the aforementioned action, and holding out Element Works as the warrantor of the products.  The sellers have no relation to Element Works.

The court has issued a Temporary Restraining Order, enclosed herein, prohibiting Defendants from using the name Element Works in their warranties, listings, and product packaging. However, Defendants' products that are listed under the name Tech Elements are being shipped with Element Works packaging and branding. Additionally, Defendants' products wrongly listed under the name Element Works continue to be shipped from your warehouse. Even Defendants' products that are advertised as Tech Elements and shipped in Tech Elements packaging continue to list Element Works as the warrantor.  Accordingly, shipping these products is a violation of the Court's Order.

We demand that you cease and desist from shipping any products by Mobile Tech Works d/b/a Tech Elements a/k/a E. Works LLC which are listed under the name Element Works, sold with Element Works packaging and/or branding, or list Element Works as the warrantor in its packaging. If you do not stop shipping such products, we will bring an action against you to prevent the shipments. You may contact my attorneys with any questions or for verification:

> Nicholas Fortuna, Esq.
> Allyn & Fortuna LLP
> 1010 Avenue of the Americas, 3rd Fl.
> New York, NY 10018
> 212-213-8844

Please be advised accordingly.

Sincerely,

Solomon Shemia

Encl.

# EXHIBIT K



**ALLYN & FORTUNA** LLP
ATTORNEYS AT LAW

NEW YORK
1010 Avenue of the Americas
New York, New York 10018
Telephone (212) 213-8844
Facsimile (212) 213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

July 11, 2019

VIA EMAIL (dmedioni@wrslawyers.com)
Daniel Medioni, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1582

Re:  **Cease & Desist**
**Element Works - Temporary Restraining Order**

Dear Mr. Medioni:

As you know, my office represents Solomon Shemia, CEO of Element Works. Pursuant to your telephone conversation with Nick Fortuna of my office with respect to the action pending in the New York State Supreme Court, Kings County, captioned *Solomon Shemia v. E. Works LLC et. al*, Index No. 513080/2018, I am writing to clarify the letter your client, WP Fulfillment, received from Shemia.

The Temporary Restraining Order remains in effect because the Order was issued pending the hearing and decision on the motion for the preliminary injunction seeking the same relief as the TRO. The motion for the preliminary injunction that was initially scheduled for June 12, 2019 has been adjourned to September 11, 2019. (See attached electronic notification from the New York Court showing that motion sequence 5—the preliminary injunction motion—was adjourned to September 11, 2019). Accordingly, the TRO will remain in place until the preliminary injunction motion is decided.

It is our position that WP Fulfillment is acting as the agent of the Defendants E. Works LLC, ANC Sales, Inc., and Sam Chera, by facilitating the sale of products that violate the TRO. Thus, your client is bound by the TRO to cease all shipments of violating products.

The following products are prohibited from being sold under the TRO:

- Products listing Element Works as warrantor of those products in its packaging or in their online listings
- Products using the name Element Works on their packaging and branding
- Products that are advertised under the name Element Works in their online listings

Please contact me if you have any further questions.

Sincerely,

Diana Uhimov

Encl.

# EXHIBIT L

<table>
<tr><td>

MEMBER
   New Jersey Bar
   New York Bar

ADMITTED
   U.S. Federal District Courts

</td><td>

LAW OFFICES
# MICHAEL BOTTON, ESQ
**Mailing Address:**
1314 MAIN STREET
P.O. BOX 239
BELMAR, NEW JERSEY 07719

MICHAELBOTTONESQ@GMAIL.COM
LEORISHTYESQ@GMAIL.COM

TEL: 732-894-3686    FAX: 732-894-3688

</td></tr>
</table>

July 12, 2019

<u>Via Federal Express</u>
Nick Fortuna, Esq.
1010 Avenue of the Americas
3rd Floor
New York, NY 10018
212-213-8844

Re:    Steve Shemia v. Sam Chera, et al.
          Index No.: 513080/2018

Dear Mr. Fortuna:

My client has informed me that a cease and desist letter was sent by your client, Solomon Shemia, to WP Fulfillment, Inc. regarding the shipping of my clients' products. My client has also informed me that a letter was written by Diana Uhimov to Daniel Medioni, counsel for WP Fulfillment regarding your client's correspondence. I have also been informed that your client has contacted Groupon about the TRO.

First, both letters clearly misrepresent the language of the restraints entered by the Court. The letter from your client and from your office falsely represent that my clients are prohibited from selling products listing Element Works as warrantor of those products in its packaging or in their online listings, products using the name "Element Works" on their packaging and branding, and products that are advertised under the name "Element Works" in their online listings. The TRO restrains my clients from selling products until the warranty information for the products is updated both online and on the product packaging and manual to remove references to Element Works USA LLC and any contact information for Solomon Shemia. The Order does NOT prohibit my clients from selling products listing Element Works as warrantor of the products in its packaging or in the online listings, it does NOT prohibit the sale of products using the name Element Works on the packaging and branding, and it does NOT prohibit the sale of products

that are advertised under the name Element Works in their online listings. Please have your client refrain from making false representations to any third parties regarding the contents of the TRO entered in this case.

Second, your associate made representations to the Judge on June 7, 2019 during argument for the TRO that your client would transfer Element Works USA LLC to my client so that he will not be open to any potential liability. The Judge instructed my office to draft the paperwork by Tuesday, June 11, 2019 so the transfer could take place which would give your client exactly what he wants, not to be liable for any potential lawsuits. The transfer papers were drafted and provided to your office, yet it is now my understanding that your client will not be transferring the LLC unless he can use the transfer to extort some money out of my client. If your client is still willing to simply transfer the LLC to my client as he has indicated was his intention for some time now, please let me know by Tuesday, July 16, 2019.

Third, in open court and during private discussions between you, myself and my associate, you indicated that as soon as you were made aware of any violations of the Order, you would contact us first and provide us with proof of said violation so that my client may rectify the violation. It disappoints me that not only was I not copied on the communications with WP Fulfillment, Groupon, and any other third parties that may have received cease and desist letters, but also that the letters indicate that products being sold are violating the Order, yet I was never notified of these violations prior to these letters being sent.  On the return date of the Order to Show Cause, my client provided you with proof that he has complied with the Court Order by updating all warranties on his products, removing any of Shemia's contact information that is within his control to remove, and notified all customers of the updated warranty information. To this day, you have not provided me with any proofs that the Order is being violated.

This letter shall serve as a formal request that you instruct your client to cease and desist from contacting any and all of my clients' customers, clients, vendors and any third parties with false allegations that the Temporary Restraining Order is being violated and with false representations as to the requirements of the Order. Please confirm on or before Tuesday, July 16, 2019 that your client will cease and desist said communications and that he will no longer interfere with my client's business operations.

Very truly yours,

*Michael Botton* /s/

MICHAEL BOTTON, ESQ.

# EXHIBIT M

July 17th, 2019

**VIA EMAIL**

Zulily, LLC
Bergitta Trelstad
VP, General Counsel
2601 Elliott Avenue
Suite 200
Seattle, Washington 98121

          Re:    **Cease & Desist**
                    **Element Works - Temporary Restraining Order**

Dear Sir or Madam:

      Your site is selling and shipping products that wrongfully list Element Works as warrantor of those products in its packaging, that wrongfully use the name Element Works on their packaging and branding and wrongfully advertise products under the name Element Works in the listings. The products listing the false information are made by Mobile Tech Works Inc. doing business as Tech Elements also known as E. Works LLC.

      I am the CEO of Element Works. There is an action pending in the New York State Supreme Court, Kings County, captioned *Solomon Shemia v. E. Works LLC et. al*, Index No. 513080/2018. One of the issues raised in this action is that the Defendants, E. Works LLC, ANC Sales, Inc., and Sam Chera ("Defendants") are using the business name Element Works, a corporation which is owned by me, the plaintiff in the aforementioned action, and holding out Element Works as the warrantor of the products. The sellers have no relation to Element Works.

      The court has issued a Temporary Restraining Order, enclosed herein, prohibiting Defendants from using the name Element Works in their warranties, listings, and product packaging. However, Defendants' products that are listed under the name Tech Elements are being sold with Element Works packaging and branding. Additionally, Defendants' products wrongly listed under the name Element Works continue to be sold on your website. Even Defendants' products that are advertised as Tech Elements and shipped in Tech Elements packaging continue to list Element Works as the warrantor. Accordingly, selling and shipping these products is a violation of the Court's Order.

We demand that you cease and desist from selling any products by Mobile Tech Works d/b/a Tech Elements a/k/a E. Works LLC which are listed under the name Element Works, sold with Element Works packaging and/or branding, or list Element Works as the warrantor in its packaging. If you do not stop selling such products, we will bring an action against you to prevent the sales. You may contact my attorneys with any questions or for verification:

> Nicholas Fortuna, Esq.
> Allyn & Fortuna LLP
> 1010 Avenue of the Americas, 3rd Fl.
> New York, NY 10018
> 212-213-8844

Please be advised accordingly.

> Sincerely,
>
> Solomon Shemia

Encl.